SULLIVAN, Andrew, M.D. and Sullivan, Edward, M.D. on behalf of themselves and all others similarly situated, Appellants,

v.

PACIFIC INDEMNITY COMPANY, Appellee.

No. 77–1228.

United States Court of Appeals, Third Circuit.

Argued Oct. 17, 1977.

Decided Dec. 12, 1977.

John J. O'Brien, Jr., Justine Gudenas, O'Brien & O'Brien, Philadelphia, Pa., for appellants.

Lawrence T. Hoyle, Jr., Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for appellee.

Before ROSENN and VAN DUSEN, Circuit Judges, and COHILL, District Judge.*

OPINION OF THE COURT

PER CURIAM:

Appellants, Andrew Sullivan, M.D. and Edward Sullivan, M.D., obstetricians and gynecologists, instituted a diversity action

* Honorable Maurice B. Cohill, Jr., United States District Judge for the Western District of Pennsylvania, sitting by designation.

against appellee, Pacific Indemnity Company, to obtain refunds of a portion of the insurance premiums they had paid to Pacific Indemnity for medical malpractice coverage. The two doctors alleged that Pacific Indemnity had coerced them into executing releases permitting the company to raise its malpractice insurance premium rates above those approved by the Pennsylvania Insurance Department by threatening to terminate the malpractice insurance they needed to practice medicine.

The doctors also filed a motion to maintain the suit as a class action pursuant to Fed.R.Civ.P. 23 on behalf of the approximately 500 obstetricians and gynecologists that Pacific Indemnity insured under a medical association program. On the day of trial, the district court denied that motion, finding "that the matters in dispute are principally individual in nature." *Sullivan v. Pacific Indemnity*, No. 76–1748 (E.D.Pa. Dec. 7, 1976). Appellants thereupon refused to present any evidence at trial, and the trial judge granted appellee's motion to dismiss under Fed.R.Civ.P. 41(b) for failure to prosecute. After the district judge denied appellants' additional requests relating to class certification, the two doctors appealed from a "final judgment" in accordance with 28 U.S.C. § 1291.

■ The question presented is whether a class certification determination, not eligible for interlocutory appeal under 28 U.S.C. § 1292, can be reviewed after the party requesting class certification suffers a dismissal pursuant to Fed.R.Civ.P. 41(b) for failure to prosecute. This procedure appears to be an attempt to circumvent this court's well-established policy disallowing interlocutory appeals relating to class determination absent special circumstances. In adhering to this policy we reiterate our disapproval of indirect attempts to accomplish that which cannot be done directly, as was clearly explained in *Marshall v. Sielaff*, 492 F.2d 917, 919 (3d Cir. 1974); the appeal will be dismissed for lack of an appealable order.

■ This court has consistently held that a class certification decision, per se, is not an appealable final order under 28 U.S.C. § 1291. *Gardner v. Westinghouse Broadcasting Co.*, 559 F.2d 209 (3d Cir. 1977); *Kramer v. Scientific Control Corp.*, 534 F.2d 1085 (3d Cir. 1976); *Hackett v. General Host Corp.*, 455 F.2d 618 (3d Cir.), *cert. denied*, 407 U.S. 925, 92 S.Ct. 2460, 32 L.Ed.2d 812 (1972). To be appealable as an interlocutory matter, the class certification decision must involve special circumstances prompting certification by the district judge under 28 U.S.C. § 1292(b) and approval by this Court. *Kramer v. Scientific Control Corp.*, 534 F.2d 1085 (3d Cir. 1976); *Katz v. Carte Blanche Corp.*, 496 F.2d 747 (3d Cir. 1974).

Having made no attempt to secure a § 1292(b) certification, appellants argue that instead they are seeking review of the class determination in the context of appealing the order dismissing the suit. Since appellants do not contend that the order of dismissal was in error, however, the only issue that appellants would have us decide is the correctness of the refusal of class certification by the district judge.

We view appellants' strategy as an attempt to avoid this court's firm position against interlocutory appeals of class certification determinations. As we said in *Marshall v. Sielaff*, 492 F.2d 917, 919 (3d Cir. 1974):

> "If a litigant could refuse to proceed whenever a trial judge ruled against him, wait for the court to enter a dismissal for failure to prosecute, and then obtain review of the judge's interlocutory decision, the policy against piecemeal litigation and review would be severely weakened. This procedural technique would in effect provide a means to avoid the finality rule embodied in 28 U.S.C.A. § 1291. To review the district court's refusal . . . under the facts of this case is to invite the inundation of appellate dockets with requests for review of interlocutory orders and to undermine the ability of trial

446

judges to achieve the orderly and expeditious disposition of cases."

We accordingly dismiss the appeal for lack of an appealable order.

ROSENN, Circuit Judge, concurring.

I join in the views expressed by my brethren. I write separately only to reiterate that I continue to adhere to the views expressed in my dissent in *Hackett v. General Host Corp.*, 455 F.2d 618 (3d Cir.), *cert. denied*, 407 U.S. 925, 92 S.Ct. 2460, 32 L.Ed.2d 812 (1972), in which I advanced the proposition that an appeal from an order denying a class action certification is appealable if the effect of the denial would be to sound the "death knell" of the action.

In this case, however, the amount of premiums claimed by each physician is in excess of $10,000, and so each of the plaintiffs has ample motivation to proceed with the action without class certification. The death knell doctrine, therefore, is inapplicable here.