Roy **HUEY** et al., **Plaintiffs-Appellants,**

v.

**TELEDYNE, INC., et al.,
Defendants-Appellees.**

**No. 77–2604.**

United States Court of Appeals,
Ninth Circuit.

Oct. 26, 1979.

David Daar, Miller & Daar, Beverly Hills, Cal., for plaintiffs-appellants.

Gregory Smith, Los Angeles, Cal., argued, for defendants-appellees; Kenneth R. Heitz, Irell & Manella, Los Angeles, Cal., on brief.

Before WALLACE and TANG, Circuit Judges, and TURRENTINE,* District Judge.

WALLACE, Circuit Judge:

Huey's suit alleging securities laws violations was dismissed for failure to prosecute and he appeals. He also seeks review of the district court's failure to certify the suit as a class action. We conclude that under the circumstances of this case the refusal to certify the class is not reviewable. Though we believe the district judge arrived at the proper result on the issue involved, the circumstances of this case require us to vacate the order of dismissal and remand the case for entry of a new order and for such further consideration, if any, as the district judge concludes is appropriate.

I

The district judge denied Huey's motion for class certification May 31, 1977. On June 14, Huey's counsel filed an affidavit stating that the case could not proceed to trial because the cost of trial would exceed the amount of Huey's individual claim. On June 27, Huey sought certification of the class action question for appeal pursuant to 28 U.S.C. § 1292(b), which was denied. The next day Huey's case was called for trial. Huey made no appearance and the court ordered the matter dismissed for want of prosecution.[1]

In a written order filed June 30, however, the district court ordered the "cause . . . dismissed *without prejudice*, for want of prosecution." (Emphasis added.) Huey filed a notice of appeal July 1. Teledyne filed a motion for correction of the order July 13. The appeal was docketed July 19. In an order filed July 29 the district court ordered:

That the judgment rendered by this Court dated June 28, 1977 and entered on the Court's docket on June 30, 1977 is amended to read as follows to conform to the Court's ruling of June 28, 1977:

The above-entitled cause having been called for trial on June 28, 1977 at 9:00 A.M. and no appearance having been made by counsel for the plaintiff,

IT IS ORDERED, ADJUDGED AND DECREED that the above-entitled cause is hereby dismissed with prejudice, for want of prosecution; defendants' motions to dismiss their counterclaims are granted, such counterclaims to be dismissed without prejudice.

II

We first determine whether the district court properly dismissed Huey's action with prejudice for failure to prosecute. This requires two inquiries: whether the district court could properly change its written dismissal of the action without prejudice to a dismissal with prejudice, and, if so, whether the court abused its discretion in so dismissing the action.

A.

Federal Rule of Civil Procedure 60(a) provides:

Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any

---

* Honorable Howard B. Turrentine, United States District Judge, Southern District of California, sitting by designation.

1. The transcript for June 28, 1977, shows:

THE COURT: Is there anybody here for the plaintiff?

MR. SMITH: We were advised, Your Honor—although we weren't told that he wouldn't be here, we were told that he was not going to go forward with his case.

THE COURT: The plaintiff not appearing, the matter is dismissed for want of prosecution.

time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

Teledyne presented its motion in the district court as one to amend the judgment pursuant to Rule 59(e). Huey argues that the motion was untimely and that the district court lacked jurisdiction to alter the judgment.

We believe the district court's action is properly characterized as a correction of an error in the order of dismissal pursuant to Rule 60(a). The June 28 ruling from the bench dismissed the action "for want of prosecution" without qualification. Rule 41(b) specifies that such a dismissal, unless otherwise specified, operates as an adjudication upon the merits, and thus is one with prejudice. The district court's July 29 order indicated that it was made to conform to its earlier ruling.[2]

This does not end our analysis. Rule 60(a) specifies that after an appeal has been docketed, leave of the appellate court is required for a correction. This appeal was docketed on July 19, before the district court's order correcting the dismissal. The district court did not seek our leave. We thus must decide whether Rule 60(a) precludes our giving effect to the correction.

It appears to us that because the district court failed to seek leave to correct its June 30 order, it was powerless to do so. See 6A Moore's Federal Practice ¶ 60.08[2] at 4071

(2d ed. 1974). Thus, the July 29 correction was technically invalid. We have held, however, that when a district court clearly intends to dismiss a petition, but omits to do so, and the omission falls within Rule 60(a), remand to effectuate that intent is a matter of "mere form." *Crosby v. Pacific S.S. Lines, Ltd.*, 133 F.2d 470, 474 (9th Cir. 1943). *See also Hamilton v. Stillwell Van & Storage Co.*, 343 F.2d 453, 455 (3d Cir. 1965) (per curiam); *Brown v. Moore*, 247 F.2d 711, 714 n. 2 (3d Cir. 1957), *cert. denied*, 355 U.S. 882, 78 S.Ct. 148, 2 L.Ed.2d 112 (1957). *See generally* 11 C. Wright & A. Miller, Federal Practice and Procedure § 2856 at 156 & n. 66 (1973). It is evident that the same principle should apply when the district court has attempted to correct its error. *See DeVilliers v. Atlas Corp.*, 360 F.2d 292, 295–96 (10th Cir. 1966). Further, in this case we see no reason why we would have denied such leave to correct had it been properly sought. Thus, for purposes of this appeal, we consider the action to have been dismissed with prejudice.[3] We conclude that the circumstances of this case require a remand, however, so that the district court can enter a valid order.

### B.

We next consider whether the district court properly dismissed Huey's action with prejudice for failure to prosecute. We have read Rule 41(b) "to require prosecution with 'reasonable diligence' if a plaintiff is to avoid dismissal." *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). We need determine only whether the dismissal with prejudice constituted an abuse of the

---

**2.** Though Teledyne claims on appeal that Rule 60(a) was the applicable rule, its motion before the district court, pursuant to Rule 59(e), stated that in the June 28 ruling the court "dismissed the plaintiff's action, *without prejudice*, for want of prosecution" (emphasis added) and asked the court to specify dismissal with prejudice. Nonetheless, "[a]n appellee may urge any matter appearing in the record to support a judgment," *Waterman S.S. Corp. v. Gay Cottons*, 414 F.2d 724, 735 (9th Cir. 1969), and we conclude Rule 60(a), which allows the correction of errors on the court's initiative, provides such a ground.

**3.** We stated in *Merritt-Chapman & Scott Corp. v. City of Seattle, Wash.*, 281 F.2d 896 (9th Cir. 1960), *overruled on other grounds, Ruby v. Secretary of United States Navy*, 365 F.2d 385, 388 (9th Cir. 1966), *cert. denied*, 386 U.S. 1011, 87 S.Ct. 1358, 18 L.Ed.2d 442 (1967), that "nowhere in [Rules 60 and 73] is there given any authority for the District Court to modify its order from which the appeal was taken." *Id.* at 899. The alteration in that case was not the correction of an error in the order. Thus, we do not read "modify" as used in that case to have referred to such corrections.

district court's discretion. *States S.S. Co. v. Philippine Air Lines*, 426 F.2d 803, 804 (9th Cir. 1970). This inquiry "of necessity, depends upon the facts of each case," *id.*, but we have also said that "the trial court's exercise of discretion should not be disturbed unless there is 'a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.'" *Anderson v. Air West, Inc., supra*, 542 F.2d at 524 (quoting *In re Josephson*, 218 F.2d 174, 182 (1st Cir. 1954)).

■ We see no abuse of discretion in this case either at the time of the June 28 ruling or the July 29 correction. Huey's counsel's affidavit had stated that Huey could not proceed to trial. Thus, when Huey's counsel failed to appear for trial, the district court could properly conclude that Huey did not plan to go forward with his suit.

We recognize that we have required the "reasonable exploration of possible and meaningful alternatives" to a Rule 41(b) dismissal with prejudice. *Anderson v. Air West, Inc., supra*, 542 F.2d at 525; *Von Poppenheim v. Portland Boxing & Wrestling Comm'n*, 442 F.2d 1047, 1054 (9th Cir. 1971), *cert. denied*, 404 U.S. 1039, 92 S.Ct. 715, 30 L.Ed.2d 731 (1972). Huey argues that the trial court failed to explore such alternatives. He suggests as one alternative the certification of the class action question pursuant to 28 U.S.C. § 1292(b). The district court did consider the section 1292(b) question. Further, in Huey's written opposition to Teledyne's 59(e) motion to amend the judgment he did not mention any alternatives but merely objected that the district court lacked jurisdiction to correct the record.

In reliance on our former death knell rule for testing the finality of denials of class

certification, *see Hooley v. Red Carpet Corp. of America*, 549 F.2d 643 (9th Cir. 1977), Huey now also urges that as part of the inquiry into "reasonable alternatives" the district judge should have considered whether other members of the class could go forward, and, alternatively, should have provided time for Huey to seek out such a class member. We reject the argument that the consideration of meaningful alternatives requires the district court, on its own motion, to conduct an inquiry into the possibility of the existence of such other members. Further, the record shows that in this case Huey did seek a continuance based in part on anticipation of a denial of class certification; that continuance was granted.

On this record, specification of dismissal without prejudice was possible but not required. "There is no requirement that every single alternate remedy be examined by the court before the sanction of dismissal is appropriate." *Anderson v. Air West, Inc., supra*, 542 F.2d at 525. The dismissal with prejudice was within the district court's discretion.[4]

### III

■ Finally, we consider whether we may review the district court's refusal to certify Huey's suit as a class action in view of our decision that the dismissal was a proper exercise of his discretion. The question is, in essence, whether the policy against piecemeal appeals recently expressed by the Supreme Court in *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978), governs the circumstances of this case. We conclude that it does.

In *Coopers & Lybrand*, plaintiffs appealed the district court's order decertifying a

---

4. Huey also argues that "[i]f there are satisfactory excuses [for plaintiff's inability to proceed] the case should not be dismissed." We think the "reasonable alternative" inquiry assures that such excuses will be considered where appropriate. Further, though Huey claims that "economic unfeasibility" due to the denial of class certification is such an excuse, the ultimate inquiry centers not on an excuse's accept-

ability but on what alternative action by the district court will remedy the problem. Huey argues that the dismissal with prejudice was unjust in light of his inability to proceed, but we observe that a plaintiff can avoid the delay that necessarily precedes a dismissal for failure to prosecute and possibly avert a dismissal with prejudice by seeking a voluntary dismissal.

class for purposes of a class action as a final judgment pursuant to 28 U.S.C. § 1291, claiming in part that the decertification sounded the "death knell" of their action. The Court concluded that the decertification order was not an appealable final order, holding that "the fact that an interlocutory order may induce a party to abandon his claim before final judgment is not a sufficient reason for considering it a 'final decision' within the meaning of § 1291." *Id.* at 477, 98 S.Ct. at 2462 (footnote omitted).

The policy against piecemeal appeals applies to this case even though a final judgment has been entered. Just as the policy against piecemeal appeals precludes the appeal of an order denying class certification—even where that may sound the "death knell" of an action—so it precludes, review of that order from a proper dismissal for failure to prosecute which results from that order.

Three circuits considered a similar question before the decision in *Coopers & Lybrand* but reached different results. None of these cases involved a claim that the interlocutory ruling prevented prosecution; apparently the parties simply refused to go forward. In *Sullivan v. Pacific Indem. Co.,* 566 F.2d 444 (3d Cir. 1977), plaintiffs refused to present any evidence at trial after their motion for class certification was denied. The court dismissed the action for failure to prosecute. On appeal the Third Circuit denied review of the class certification order, viewing "appellants' strategy as an attempt to avoid this court's firm position against interlocutory appeals of class certification determinations." *Id.* at 445. In *Hughley v. Eaton Corp.,* 572 F.2d 556 (6th Cir. 1978), the district court had dismissed, though without prejudice, plaintiffs' action for want of prosecution. The Sixth Circuit stated that "plaintiffs' counsel provoked the court to dismiss the action and . . . the failure to appear at the trial date was the result of a conscious choice by plaintiffs to suffer the consequence of dis-

missal rather than to proceed to trial in the posture of the case as it then stood." *Id.* at 557. The court concluded that the dismissal was not an abuse of discretion and refused to review any preceding rulings, holding that "the sufferance of a dismissal of a cause without prejudice is not to be employed as an avenue for reaching issues which are not subject to interlocutory appeal as of right." *Id.* In *Allied Air Freight, Inc. v. Pan Am. World Airways, Inc.,* 393 F.2d 441 (2d Cir.), *cert. denied,* 393 U.S. 846, 89 S.Ct. 131, 21 L.Ed.2d 117 (1968), the Second Circuit came to a different conclusion and reviewed an interlocutory stay order following a dismissal without prejudice. Appellant did "not deny that the reason that no action was taken . . . was to obtain review of the interlocutory order granting the stay." *Id.* at 444. The court rejected the argument that "to consider the merits of this interlocutory order in this case would encourage all would-be appellants from interlocutory orders to do nothing." *Id.*

As did the courts in *Sullivan* and *Hughley,* we decline to review the interlocutory order before us under the circumstances of this case. We agree with the court's statement in *Sullivan* :

"If a litigant could refuse to proceed whenever a trial judge ruled against him, wait for the court to enter a dismissal for failure to prosecute, and then obtain review of the judge's interlocutory decision, the policy against piecemeal litigation and review would be severely weakened. This procedural technique would in effect provide a means to avoid the finality rule embodied in 28 U.S.C.A. § 1291. To review the district court's refusal . . . under the facts of this case is to invite the inundation of appellate dockets with requests for review of interlocutory orders and to undermine the ability of trial judges to achieve the orderly and expeditious disposition of cases."

566 F.2d at 445–46 (quoting *Marshall v. Sielaff,* 492 F.2d 917, 919 (3d Cir. 1974)).[5]

---

5. The court in *Sullivan* dismissed the appeal "for lack of an appealable order." 566 F.2d at

446. In *Sullivan,* however, the order of dismissal was not challenged. *Id.* at 445. In

We are aware, of course, that our holding may force to trial some small claims to assure that the denial of class certification will be reviewed as part of a "final decision." We are also aware that we have said that "[a]ll interlocutory rulings [merge] in the final judgment and are reviewable on the appeal therefrom." *Sackett v. Beaman*, 399 F.2d 884, 889 n. 6 (9th Cir. 1968). Thus, ordinarily, "an order denying class certification is subject to effective review after final judgment at the behest of the named plaintiff or intervening class members." *Coopers & Lybrand v. Livesay, supra*, 437 U.S. at 469, 98 S.Ct. at 2458. We have earlier reviewed such an order following a dismissal for failure to obey an order of the court, *Fendler v. Westgate-California Corp.*, 527 F.2d 1168 (9th Cir. 1975) (per curiam), but the parties cite, and we have found, no authority indicating that we have done so where a ruling on an interlocutory order in effect caused a failure to prosecute. These circumstances warrant a limited exception to the merger rule.

■ We recognize that we must balance conflicting interests. The hardship in refusing review of the denial of class certification after a dismissal allegedly caused by that denial and the forcing of some small claims to trial must be measured against the incentive for dilatory failure to prosecute in the district court that would otherwise result. We conclude that the balance should be struck to discourage piecemeal appeals. Where the record shows that the denial of class certification caused the failure to prosecute, that ruling does not merge in the final judgment for purposes of appellate review, at least where, as here, the resulting dismissal was proper.

■ Because we here make an exception to a previously stated rule, and because we would remand in any case for technical correction of the order of dismissal, the circumstances of this case warrant vacation of the June 28 and 30 and the July 29

rulings and return of this case to the district court. If the parties so move, the district court may reconsider the dismissal. Thus the district judge may choose either to enter a new order of dismissal or to take whatever other action he believes appropriate.

VACATED AND REMANDED.

---

contrast, Huey challenges not only the denial of class certification, but also the correction of the order of dismissal and the dismissal itself, although the challenges to the dismissal grow out of the hardship resulting from the denial of class certification. In these circumstances we deem the order of dismissal appealable but do not review the denial of class certification.