**Katherine P. BOWE, on behalf of herself and all others similarly situated, Plaintiffs-Appellants,**

v.

**FIRST OF DENVER MORTGAGE INVESTORS et al., Defendants-Appellees.**

No. 78–1236.

United States Court of Appeals, Tenth Circuit.

Argued Nov. 28, 1979.

Decided Jan. 25, 1980.

Aram A. Hartunian of Pressman & Hartunian, Chicago, Ill. (Charles Barnhill, Jr. of Davis, Miner & Barnhill, Chicago, Ill. and Elliott & Greengard, Denver, Colo., on brief), for plaintiffs-appellants.

Kenneth A. Cohen of Goodwin, Procter & Hoar, Boston, Mass., and Raymond B. Danks of Hughes & Dorsey, Denver, Colo. (Marshall Simonds of Goodwin, Procter & Hoar, Boston, Mass. and Peter F. Breitenstein of Fairfield & Woods, Denver, Colo., on brief), for defendants-appellees.

Before BARRETT, DOYLE and McKAY, Circuit Judges.

WILLIAM DOYLE, Circuit Judge.

This suit was filed as a class action by Katherine P. Bowe on behalf of herself and the class which she allegedly belonged to. This large group had 6,000 members all of whom had acquired beneficial interests in the defendant, First of Denver Mortgage Investors. These acquisitions took place during a period which started in 1970 and continued to January 1, 1975. The complaint alleged that the defendants had engaged in a common course of conduct which constituted a conspiracy, the purpose of which was to manipulate the price by not

disclosing material facts which would have reflected the real value of the securities. The suit was said to have arisen under § 10(b) of the Securities and Exchange Act of 1934 and Rule 10b–5 promulgated thereunder. Additional counts alleged violation of common law fraud principles and violation of the Colorado Securities Act. Plaintiff sought compensatory damages on behalf of herself and all members of the class. She also requested injunctive relief.

## SUMMARY OF PROCEEDINGS

The district court, in an opinion rendered on March 16, 1976, denied the motion for certification of the class action. The court concluded that there was no basis for any class action since there were no allegations which demonstrated that the plaintiff, in view of her small investment, could represent the class. The court said, in proceeding under Rule 23, that "the court must do more than simply accept the plaintiff's conjurations," and added that "A single unhappy investor should not be empowered to call upon a court to undertake the difficulties likely to be encountered in the management of a class action of the magnitude sought in this case without more than what has been presented here." The court concluded that the case constituted an abuse of the purposes of Rule 23.

This court, in the appeal which followed the trial court's judgment of March 18, 1976, concluded that the case did not satisfy the requirements of the so-called "death knell" exception to § 1291 of the Judicial Code, which doctrine had been announced in *Eisen v. Carlisle & Jacquelin*, 370 F.2d 119 (2d Cir. 1966), *cert. denied*, 386 U.S. 1035, 87 S.Ct. 1487, 18 L.Ed.2d 598 (1967).[1] This court also concluded that the collateral order exception to the final judgment rule enunciated in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), did not encompass the problem presented and that, therefore, it was necessary to dismiss the appeal. Such

an order was thereupon entered. This court's final conclusion was that since the "death knell" doctrine articulated in *Eisen* did not apply, and since the collateral order doctrine under *Cohen* did not apply, that there was no basis for entertaining the appeal. On remand the plaintiffs again sought to obtain certification of the class, and following failure to do that, the trial court dismissed the individual complaint of the plaintiff on the ground of lack of prosecution.

Plaintiff maintains that this is no longer an interlocutory appeal; that the dismissal of her complaint resulted in the entire matter becoming appealable and reviewable. Accordingly, the question is whether the dismissal of the complaint for lack of prosecution constitutes a final judgment which will now permit the ruling of the trial court denying the motion for certification of the class action to be reviewed.

## POSSIBLE REVIEW OF THE CLASS ACTION

Undoubtedly, the dismissal of the plaintiffs' complaint for failure to prosecute was a final order which could not become much more final. This conclusion does not, however, furnish a complete solution. We must consider plaintiff-appellant's contention that the only meaningful remedy for her claim is a class action and that the failure to certify the class was the actual basis for the dismissal. On its face, however, these facts do not provide the finality necessary to allow an appellate court to take hold of the merits of the plaintiff-appellant's standing as a representative of the class and the other problems which would be considered if a full review were to be granted. In fact, there has been little, if any, change in the status of the case since it was last considered by this court. Also, the law has changed since it was here previously. We cannot reach these questions, because since the prior proceedings the so-called "death knell" doctrine has itself been victimized.

1. The plaintiff, when asked during the appeal whether her claim could be tried independent of the class, responded that it could. This fact precluded interlocutory appeal under the then alive "death knell" exception.

See Cooper & Lybrand v. Livesay, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978). Actually the only issue that is properly before us is whether the fact situation in the case at bar constitutes an exception to the Livesay doctrine. Defendants say that to allow this appeal to be considered would clearly defeat the final judgment rule of 28 U.S.C. § 1291.

Unfortunately for the plaintiff-appellant, there is little in the way of distinction to be drawn between this case and the ruling in Livesay.

## SUMMARY DISCUSSION OF LIVESAY

In Livesay, the Supreme Court considered an issue not unlike that which we have here. There, also, the appealability of class determinations was considered. The litigants had purchased securities in reliance on a prospectus. A suit was brought on behalf of themselves and a class of similarly situated purchasers. They alleged that the defendant accounting firm had violated the federal securities laws. The district court first certified the case as a class action and then, after further proceedings, decertified it. Respondents then filed a notice of appeal pursuant to § 1291 of the Judicial Code, the final decision appeals rule. The court of appeals determined that, considering the amount of the individual claims and the lack of financial resources of the individuals, that they could not pursue their claims individually. A further holding was that the "death knell" doctrine, allowing appeal under § 1291, applied where, without the incentive of a group recovery, the individual plaintiff would not be able to pursue his lawsuit. It entertained the appeal and reversed the district court's order of decertification of the class. The plaintiffs-respondents in the Supreme Court contended that there existed jurisdiction to prosecute the appeal under either the "death knell" doctrine or the collateral order exception of Cohen. However, the Supreme Court concluded that the "death knell" doctrine did not "support appellate jurisdiction of prejudgment order denying class certification." The Court concluded that the "death knell"

rule, based as it is on a thorough study of the possible impact of the class order on the fate of the litigation, would result in seriously debilitating the administration of justice since it would call for the taking of evidence, the hearing of arguments and the making of findings, all of which would be subject to review in the court of appeals and would carry with it the possibility for further need of factual development. The numerous hearings that would be required and the numerous reviews which would follow would place great burden on the trial and appellate courts. Since the order was not a final one, it was concluded that appealability defeated the purpose of the final judgment rule and of maintaining the appropriate relationship between the respective courts. On that ground the court of appeals was reversed.

It is our conclusion that the case at bar is governed by the Supreme Court's decision in Livesay because, just as the final judgment rule was compromised in Livesay, so also in the present case there is similar lack of an appealable order. The only addition which can be pointed to in our case is a graphic demonstration that the "death knell" has indeed sounded. The plaintiff has been unable to proceed. No longer is it permissible, however, for plaintiff to establish an inability to proceed without class certification so as to be able to contend that the denial of certification "rang the death knell" on the plaintiffs' claim.

## THE NINTH CIRCUIT'S DECISION IN HUEY v. TELEDYNE, INC.

The Ninth Circuit has very recently interpreted Livesay, and it too has determined that dismissal for failure to prosecute does not provide a basis for an exception to the Livesay doctrine. See Huey v. Teledyne, Inc., 608 F.2d 1234 (9th Cir., 1979). In that case the district court had denied certification of a class, and following that the complaint was dismissed for failure to prosecute. Review was sought of the denial of class certification. The Ninth Circuit ruling was that the denial of certification could not be reviewed in this context any

more readily than it could have been reviewed in *Livesay*. The court said:

> The policy against piecemeal appeals applies to this case even though a final judgment has been entered. Just as the policy against piecemeal appeals preclude[d] the appeal of an order denying class certification—even where that may sound the "death knell" of an action—so it precludes, review of that order from a proper dismissal for failure to prosecute which results from that order.

We recognize that we must balance conflicting interests. The hardship in refusing review of the denial of class certification after a dismissal allegedly caused by that denial and the forcing of some small claims to trial must be measured against the incentive for dilatory failure to prosecute in the district court that would otherwise result. We conclude that the balance should be struck to discourage piecemeal appeals. Where the record shows that the denial of class certification caused the failure to prosecute, that ruling does not merge in the final judgment for purposes of appellate review, at least where, as here, the resulting dismissal was proper.

*Huey v. Teledyne, Inc., supra*, 608 F.2d at 1239, 1240.

Counsel for plaintiffs, and there are many of them, do not deny that if the *Huey* doctrine were to be followed, dismissal here would of necessity be affirmed. They, however, argue that the Ninth Circuit's position ought not to be adopted because of its injustice and also because it is out of harmony with the Fifth Circuit's decision in *Roper v. Consurve, Inc.*, 578 F.2d 1106 (5th Cir. 1978), *cert. granted*, 440 U.S. 945, 99 S.Ct. 1421, 59 L.Ed.2d 633 (1979). It has to be noticed that the *Roper* decision was decided August 24, 1978, and *Livesay* was decided June 21, 1978. The closeness of time between the two cases prevented the *Roper* court from having the benefit of the *Livesay* ruling and reasoning. We also call attention to the fact that the Supreme Court has granted certiorari in *Roper*, but, more important,

the condition in *Roper* was different. The question was whether a class action became moot following the trial court's denial of certification based on an evidentiary hearing where the defendant tendered payment in full to the class representative to satisfy the individual claims of the class representatives. The latter objected to this maneuver. The ruling of the Court of Appeals of the Fifth Circuit was that the defendant was unable to bring about the mooting of the class claim by attempting this payoff and so, therefore, the plaintiffs were allowed to seek review of the refusal to certify on the basis that the representation of the class was still a live issue.

## UNAPPEALABILITY OF THE CLASS ISSUE PRIOR TO TRIAL

Returning to our case, it must be concluded that the problem of the class representative's substantive claim is not distinguishable from that which was present in *Livesay*. The Supreme Court's decision in that case was a positive one which does not tolerate creation of a loophole by the simple device of allowing the claim of a class representative to be dismissed for lack of prosecution. The dismissal of the claim of the class representative for failure to prosecute was a final order. The matter to be reviewed is whether the court properly dismissed the claim which belonged to the representative or whether there was abuse of discretion in so doing. The review of this judgment does not allow review of the order denying certification of the class. So, what we have is a "death knell" condition which is substantially similar to that which was present in *Livesay*. There is a negative effect of the decision of the Ninth Circuit in *Huey*, that is that it eliminates any review of orders which deny class certification where review may be necessary to avoid injustice. In a situation where the individual claims of class members are actually too infinitesimal to warrant individual litigation and the refusal to prosecute is not a ploy which seeks to develop a way around the *Livesay* doctrine, the plaintiff has only one way to go and that route is by way of a class action.

Here the denial of class action review ends the litigation. Perhaps the Supreme

Court did not contemplate this situation in *Livesay.* It only considered the interlocutory character of the appeal under § 1291. So, it may be that it did not intend to totally preclude review of the class issue even in situations where the plaintiff is unable to go forward following the denial of certification. There is, of course, the possibility that the denial of class certification can be reviewed after a trial where final judgment has been entered in the principal case. This would tend to indicate denial of interlocutory review in order to control when review can be had. This does not, however, remedy the case in which the plaintiff cannot afford to or otherwise refuses to prosecute the claim after denial of certification. It is possible that refinements will develop on a case by case basis, but whether or not this takes place is irrelevant where the only question is whether there is a genuine distinction between this case and *Livesay.* Our conclusion is that no such distinction exists.

In sum, appeal of the class issue is invalid at this preliminary stage. It is interlocutory notwithstanding that the individual case of the class representative stands dismissed. Our decision that we are without authority to review the denial of certification of the class necessarily ends the matter. Therefore, the appeal must be dismissed.

It is so ordered.