662 F.2d 621
 Roy HUEY, in behalf of himself and other persons similarly
situated, Plaintiffs-Appellants,
v.
TELEDYNE, INC., a corporate entity; Henry E. Singleton,
George A. Roberts, George Kosmetsky, Robert C.
Jackson, Arthur Rock and Claude E.
Shannon, Defendants-Appellees.
 No. 80-5200.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 7, 1981.
Decided Nov. 27, 1981.
 
 David Daar, Miller & Daar, Beverly Hills, Cal., for plaintiffs-appellants.
 Gregory R. Smith, Irell & Manella, William A. Masterson, Rogers & Wells, Los Angeles, Cal., argued, for defendants-appellees; Edmund M. Kaufman, Los Angeles, Cal., on brief.
 Appeal from the United States District Court for the Central District of California.
 Before WALLACE and TANG, Circuit Judges and TURRENTINE,* District Judge.
 PER CURIAM:
 
 
 1
 This matter is before us again after remand. The history of this litigation is fully chronicled in Huey v. Teledyne, Inc. (Huey I), 608 F.2d 1234 (9th Cir. 1979). To summarize the facts, Huey's action against Teledyne, Inc. was dismissed with prejudice by the district court in 1977 for want of prosecution. Huey appealed to this court, seeking review of the dismissal and review of the district court's order denying class certification. In Huey I, we held that the dismissal was a proper exercise of the district court's discretion and that the interlocutory order denying class certification did not merge into the dismissal for failure to prosecute so as to be reviewable on appeal. We remanded the case, however, for technical correction of the order of dismissal and because we had made an exception to the previously stated rule that all interlocutory orders merge into the final judgment. The parties were allowed to move the district court to reconsider its order of dismissal and the district judge was given the discretion either to enter a new order or take whatever other action he deemed appropriate.
 
 
 2
 On remand, after reconsideration of its previous order, the district court entered a new order dismissing Huey's action with prejudice. Huey appeals a second time, again challenging the dismissal and seeking review of the order denying class certification.
 
 
 3
 In accordance with our decision in Huey I, the district court corrected its previous order dismissing Huey's action for failure to prosecute. Because the dismissal was proper save for a technicality in the order, we find no abuse of discretion in the district court's entry of a new order dismissing Huey's action on the same ground. For the reasons stated in our opinion in Huey I, the order denying class certification is not reviewable.
 
 
 4
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Howard B. Turrentine, United States District Judge for the Southern District of California, sitting by designation