76 F.3d 387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael C. MEEKS, Plaintiff-Appellant,
v.
Christine MOORE, Parole Officer; L.A. County Jail; County
of Los Angeles; Sherman Block; Los Angeles
County Sheriff Department, Defendants-Appellees.
 No. 94-56426.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 23, 1996.*
Decided Jan. 25, 1996.
 
 Before: ALARCON, HALL, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael C. Meeks, a California prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action for failure to prosecute. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Meeks contends that the district court abused its discretion by dismissing his action for lack of prosecution. This contention lacks merit.
 
 
 4
 "In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir.1988) (per curiam) (internal citation and quotations omitted). If the district court does not explicitly consider these factors, we must independently review the record to determine whether the dismissal was an abuse of discretion. Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir.1987), cert. denied, 488 U.S. 819 (1988).
 
 
 5
 Here, Meeks failed to participate in a telephonic status conference, failed to file a pre-trial conference report, failed to appear at a pre-trial conference, and failed to appear at trial. Meeks also failed to timely conduct discovery, failed to timely oppose defendants' motion for summary judgment, failed to appear at a pre-trial Rule 9 meeting with defendants' counsel, and failed to file a witness list and an exhibit list. The district court gave Meeks many opportunities to prosecute his case, including allowing Meeks to file his opposition to defendants' summary judgment four months after the motion was filed, directing Meeks to file pre-trial materials, and leaving messages on Meeks's voicemail to remind him of the telephone conference and the trial date.
 
 
 6
 After an independent review of the record in light of the five factors enumerated in Carey, see Malone, 833 F.2d at 130, we find that the district court did not abuse its discretion by dismissing Meeks's action for lack of prosecution, see West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir.1990).
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Meeks attempts to appeal the district court's partial summary judgment and denial of Meeks's motion for extension of time for discovery. We decline to address these issues because Meeks is appealing from a dismissal for failure to prosecute. See Ash v. Cvetkov, 739 F.2d 493, 497 (9th Cir.1984), cert. denied, 470 U.S. 1007 (1985); Huey v. Teledyne, Inc., 608 F.2d 1234, 1238 (9th Cir.1979). All pending motions are denied as moot