134 F.3d 380
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Jerome P. FLORES, Defendant-Appellant.
 No. 97-30125.
 United States Court of Appeals, Ninth Circuit.
 Submitted January 12, 1998**
Jan. 16, 1998.
 
 Before: BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Owing to a misunderstanding as to whether Flores would waive indictment and enter a plea, the U.S. moved to dismiss charges against him pursuant to F.R.C.P. 48(a) shortly before trial. The judge entered a form order in which he checked the box providing for dismissal with prejudice. The court then granted the government's motion to correct this as a clerical mistake under F.R.C.P. 36 and make the dismissal without prejudice. Flores appeals the denial of his challenge to this change.
 
 
 3
 Generally, dismissal on a Rule 48(a) motion is "without prejudice." Wright, Federal Practice and Procedure: Criminal 2d § 811, 812 (1996). As the district court correctly noted,
 
 
 4
 [T]his case would seem governed by Huey v. Teledyne, Inc., 608 F.2d 1234, 1236-37 (9th Cir.1979).
 
 
 5
 In Huey, the [district] court granted a motion to dismiss for lack of prosecution without prejudice. Such motions are typically "with prejudice," and the court amended the judgment to be "with prejudice." The trial court did not specify that it was correcting a clerical error, but on appeal the Ninth Circuit affirmed on that basis. The court's reasoning appears applicable here. Where a rule provides for dismissals that are typically "with prejudice" in the absence of qualification, and a judgment is entered dismissing without prejudice but no qualification or explanation is given, the court will find a clerical error and permit correction. The converse should apply where a dismissal is typically "without prejudice" in the absence of qualification, and a judgment is entered dismissing "with prejudice" but no qualification or explanation is given. The action may be treated as a clerical mistake and corrected.
 
 AFFIRMED
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3