Order; Opinion by Judge RAWLINSON; Concurrence by Judge BEA.
ORDER
The slip opinion dated March 18, 2015 [785 F.3d 315] is hereby amended as follows:
Page 11 [785 F.3d 315] — insert the following footnote at the end of the first paragraph:
Our decision in Huey v. Teledyne, Inc., 608 F.2d 1234 (9th Cir.1979), is not to the contrary. There, putative class plaintiff Huey’s motion for class certification was denied in the district court. Id. at 1236. Subsequently, Huey’s individual action was called for trial, but Huey made no appearance; accordingly,the district court dismissed Huey’s action for want of prosecution. Id. Huey attempted to appeal the denial of class certification, but this court explained that it lacked jurisdiction over the appeal. We explained that the strong policy of giving trial judges the ability “to achieve the orderly and expeditious disposition of cases” meant that plaintiffs who had failed to prosecute their claims lost the ability to appeal the denial of class certification. Id. at 1239 (quoting Sullivan v. Pacific Indem. Co., 566 F.2d 444, 445-46 (3rd Cir.1977)).
However, Huey does not control here. Unlike that proceeding, Baker did not fail to appear before the district court after the class action allegations were struck. In fact, Baker stipulated to dismiss his individual claim, giving up a *609 valuable right in the process. Our cases recognize that a stipulated dismissal of an individual claim is an adverse and appealable final judgment, Berger [v. Home Depot USA ], 741 F.3d [1061] at 1065 [ (9th Cir.2014) ], as does a leading treatise. See 7B Charles Allan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 1802 (3d ed.2005).
With this amendment, Judges Rawlinson and Bea voted, and Judge Hawkins recommended, to deny the Petition for En Banc Rehearing.
The full court has been advised of the Petition for En Banc Rehearing, and no judge of the court has requested a vote.
Microsoft Corporation’s Petition for En Banc Rehearing, filed on April 1, 2015, is DENIED. No farther petitions for rehearing or rehearing en banc will be accepted.
OPINION
RAWLINSON, Circuit Judge:
Plaintiffs, a putative class of owners of Microsoft Corporation’s (Microsoft) Xbox 360® video game console (Xbox), appeal from the stipulated dismissal with prejudice of their lawsuit and from the order striking their class allegations. In striking the class allegations, the district court deferred to an earlier class certification denial order involving a similar putative class. See Baker v. Microsoft Corp., 851 F.Supp.2d 1274, 1276 (W.D.Wash.2012) (citing In re Microsoft Xbox 360 Scratched Disc Litig., No. C07-1121, 2009 WL 10219350 (W.D.Wash. Oct. 5, 2009) (Scratched Disc Litigation)). We have jurisdiction pursuant to 28 U.S.C. § 1291 and reverse the order striking the class action allegations because the district court misapplied the law as established in Wolin v. Jaguar Land Rover N. Am., LLC, 617 F.3d 1168, 1173 (9th Cir.2010), constituting an abuse of discretion.
I. BACKGROUND
This case involves an alleged design defect in the Xbox console that gouges game discs. See Baker, 851 F.Supp.2d at 1275. Plaintiffs specifically alleged that the Xbox optical disc drive is unable to withstand even the smallest of vibrations, and that during normal game playing conditions discs spin out of control and crash into internal console components, resulting in scratched discs that are rendered permanently unplayable. Microsoft countered that the overwhelming majority of Xboxes do not manifest the alleged defect — only 0.4% of Xbox owners have reported disc scratching — -and that the cause of any disc scratching is consumer misuse, not a product defect.
A. Scratched Disc Litigation
In 2007, other Xbox owners sued Microsoft, alleging claims similar to those asserted in this case. These cases were consolidated before United States District Judge John Coughenour. See Scratched Disc Litig., 2009 WL 10219350, at *l-*2. Judge Coughenour denied class certification on the basis that individual issues of fact and law predominated over common issues of fact and law. See id. at *5-*6.
Judge Coughenour relied heavily on the reasoning from another district court decision, Gable v. Land Rover N. Am., Inc., No. CV07-0376, 2008 WL 4441960 (C.D.Cal. Sept. 29, 2008), rev’d, Wolin, 617 F.3d at 1176. See Scratched Disc Litig., 2009 WL 10219350, at *6. The putative class action plaintiffs in Gable alleged that the Land Rover LR3 had a defect in its alignment that caused uneven, premature tire wear. See Gable, 2008 WL 4441960, at *610 N.[1] In. opposing class certification, defendant Land Rover argued that because the alleged defect did not manifest in every vehicle, an individual inquiry would be required to ascertain whether any given class member experienced the defect. See id. at *3. Land Rover also asserted that because tires have a limited useful life, an individual inquiry would be required to determine whether any given tire wear resulted from a defect and not another cause, such as individual driving habits. See id. The district court agreed with Land Rover, and denied class certification because the plaintiffs failed to demonstrate that the purported defect manifested in a majority of vehicles. See id. at *4-*5. The district court did not address Land Rover’s causation argument.
In Scratched Disc Litigation, Judge Coughenour reasoned that, like the Land Rover owners in Gable, most Xbox owners have not experienced the purported defect. See Scratched Disc Litig., 2009 WL 10219350, at *7. Judge Coughenour focused on the fact that the defect asserted by the Xbox plaintiffs “actually manifest[ed] in fewer than one percent” of the total number of consoles purchased. Id. at *6. The vast number of satisfied purchasers who experienced no defect before replacing the rapidly obsolescing game systems were determined to have received the benefit of the bargain. See id. Because not all purchasers sustained damages under this rationale, Judge Coughenour ruled that the need to consider damages on an individual basis “preclude[d] the certification” of the class of Xbox owners. Id.
Judge Coughenour rejected the Xbox plaintiffs’ attempt to distinguish Gable on the basis that the design defect existed in every Xbox console and could only stem from one cause, whereas in Gable “only a fraction of the proposed class members had actually experienced the defect and because misalignment could have many different causes.” Id. Judge Coughenour observed that the Xbox plaintiffs and the Gable plaintiffs both asserted a defect involving a common design flaw. The circumstance that prevented class certification in both cases was the lack of uniform manifestation of the acknowledged design flaw. See id.
Although the district court in Gable refrained from engaging in an exhaustive causation analysis, Judge Coughenour nevertheless cited Gable for the notion that individual issues of causation predominate because differing causes may have produced the same defect. See id. According to Judge Coughenour, “[Ejven if one link of [the causation] chain is a design defect, the other links are unique to each plaintiff and require individual attention.... ” Id. The required individual attention to issues of law and fact ruled out class certification. See id.
B. Wolin Decision
Ten months after dismissal of Scratched Disc Litigation, we reversed the Gable decision upon which Judge Coughenour had so heavily relied in denying class certification. See Wolin, 617 F.3d at 1170, 1176. ' We concluded that the district court in Gable “erred when it concluded, without discussion, that certification is inappropriate because [plaintiffs] did not prove that the defect manifested in a majority of the class’s vehicles_” Id. at 1173. Indeed, in the past, “we have held that proof of the manifestation of a defect is not a prerequisite to class certification.” Id. (citing Blackie v. Barrack, 524 F.2d 891, 901 (9th *611 Cir.1975)). We observed that rather than challenging the predominance of common legal and factual issues, Land Rover was actually arguing the merits of the case. See id. We concluded that while “individual factors may affect premature tire wear, they do not affect whether the vehicles were sold with an alignment defect.” Id.
[W]e rejected] Land Rover’s suggestion that automobile defect cases can categorically never be certified as a class. Gable and Wolin assert[ed] that the defect exists in the alignment geometry, not in the tires, that Land Rover failed to reveal material facts in violation of consumer protection laws, and that Land Rover was unjustly enriched when it sold a defective vehicle. All of these allegations are susceptible to proof by generalized evidence.

Id.

Land Rover also asserted that the claims of plaintiffs Gable and Wolin were not typical because the wear on their tires was not attributable to misalignment. See id. at 1175. We were not persuaded to this view because Land Rover failed to identify any defenses that were unique to Gable and Wolin. See id. We decided that regardless of when the premature tire wear was experienced, the fact remained that all class members at some point experienced the same injury due to the same defect. The timing of the defect affected the amount of damages, not the appropriateness of class certification. See id. In sum, we held that the requirement of typicality “can be satisfied despite different factual circumstances surtounding the manifestation of the defect.” Id. (citation omitted). We concluded that Gable, Wo-lin, and the other class members could have a viable claim against Land Rover regardless of how the defect manifested in the individual vehicles. See id. We ruled that the asserted alignment defect, the asserted violation of warranty, and the asserted unjust enrichment due to the lessened value of the vehicles were “issues common to all class members ...” Id. at 1176.
The district court in this case determined that our ruling in Wolin did not undermine the causation analysis articulated in Scratched Disc Litigation, and that comity required deferral to the earlier certification order. See Baker, 851 F.Supp.2d at 1279-81 (striking the class action allegations from the complaint). The district court noted that no Ninth Circuit or Supreme Court precedent articulated the mechanism by which comity was to operate; thus it adopted the suggestion of the American Law Institute (ALI) that a prior denial of class certification on the same subject matter by a different district court judge be given a rebuttable presumption of correctness. See id. at 1278. The district court then determined that the presumption had not been rebutted, and deferred to Judge Coughenour’s prior decision. See id. at 1280.
Plaintiffs initially petitioned for an interlocutory appeal, which was denied. The parties subsequently stipulated to dismiss the case with prejudice, and the district court approved the stipulation. Plaintiffs timely appealed.[2]
*612 II. DISCUSSION
A. Jurisdiction
Microsoft contends that we lack jurisdiction'to consider this appeal because the voluntary dismissal with prejudice did not create appellate jurisdiction. Because jurisdiction is a threshold issue, we resolve this matter before addressing the merits. See Maya v. Centex Corp., 658 F.3d 1060, 1068 (9th Cir.2011).
Microsoft takes the position that a voluntary dismissal with prejudice does not sufficiently affect the merits of the substantive claims to constitute an appealable final judgment.[3] However, we rejected a similar argument in Berger, where as in this case, the parties stipulated to dismissal of the case with prejudice following denial of a class certification motion. 741 F.3d at 1064. Like Microsoft, the defendant in Berger challenged our jurisdiction over an appeal resulting from stipulated dismissal of a putative class action. See id. at 1065. We disagreed, ruling that “in the absence of a settlement, a stipulation that leads to a dismissal with prejudice does not destroy the adversity in that judgment necessary to support an appeal ....” Id. at 1064. We distinguished a stipulated dismissal without a settlement from a stipulated dismissal with a settlement. The former retains sufficient adversity to sustain an appeal. The latter does not. See id. at 1065.
As this case did not involve a settlement, Berger establishes that “[w]e have jurisdiction under 28 U.S.C. § 1291 because a dismissal of an action with prejudice, even when such dismissal is the product of a stipulation, is a sufficiently adverse — -and thus appealable — final decision.” Id.[4]
B. Striking of Class Action Allegations From The Complaint
Judge Martinez struck the Xbox Plaintiffs’ class action allegations from the complaint based largely on Judge Cough-enour’s finding in Scratched Disc Litigation that individual issues of causation predominated in that earlier Xbox defect case. *613 See Baker, 851 F.Supp.2d at 1276-77. Judge Martinez determined that, although Wolin reversed the holding in Gable that Judge Coughenour relied on, Wolin did not undermine the causation analysis set forth in Scratched Disc Litigation. See id. at 1279-80. We do not agree.
Judge Martinez cited Judge Coughen-our’s description of the causation analysis in Gable for the notion that individual issues of causation predominated in this case. He observed that Judge Coughen-our found persuasive the analysis in Gable discussing alternative causes of tire defect manifestation, and that Judge Coughenour followed that reasoning in determining that individual issues of causation predominated in Scratched Disc Litigation. See id. at 1279. Judge Martinez’s order applied this same causation analysis to reach his conclusion that “[t]he discs at issue in this case are analogous to the tires at issue in GablefWolin because, as Judge Cough-enour recognized, both products may be damaged for any number of reasons ...” Id. This discussion reveals that Judge Martinez relied heavily on Gable for its causation analysis.
Judge Martinez determined that “nothing in Wolin undermines Judge Coughen-our’s causation analysis ...” Id. at 1280. However, our reading of Wolin leads to a different conclusion. In Wolin, we expressly and specifically rejected the notion that individual manifestations of the defect precluded resolution of the claims on a class-wide basis. We held that “[although individual factors may affect premature tire wear, they do not affect whether the vehicles were sold with-an alignment defect.” 617 F.3d at 1173. We were not persuaded by Land Rover’s efforts to distinguish the representative plaintiffs’ claims from those of other prospective class members. We noted that all prospective class members alleged the same injury from a defective alignment in their vehicles. All prospective class members sought recovery pursuant to the same legal theories, and Land Rover failed to identify any defenses that were unique to the representative plaintiffs. See id. at 1175. In Wolin, we clarified that the individual manifestations of the defect were relevant “to the extent of [plaintiffs’] damages and not whether - [Gable and Wolin] possess the same interest and suffered the same injury as the class members....” Id. (citation, alteration, and internal quotation marks omitted). We concluded in Wolin:
Whether the alignment geometry was defective, whether Land Rover violated its Limited Warranty for defects within the vehicle, and whether Land Rover was unjustly enriched because consumers’ vehicles are worth less due to the defect are issues common to all class members and can be litigated together....
Id. at 1176.
Similarly in this case, although individual factors may affect the timing and extent of the disc scratching, they do not affect whether the Xboxes were sold with a defective disc system. Plaintiffs contend that (1) whether the Xbox is defectively designed and (2) whether such design defect breaches an express or an implied warranty are both issues capable of common proof. We agree that, as in Wolin, these issues are susceptible to proof by generalized evidence and do not require proof of individual causation. See id. at 1172-74,1176.
Among the common questions identified under the warranty claims are:
i. The existence of any express warranties made by Microsoft concerning the Xbox 360; •
ii. The application of any such express warranties to the claims asserted in this action;
*614 iii. Whether Microsoft has breached any of its express warranties, as alleged herein;
iv. The existence of any implied warranties made by Microsoft concerning the Xbox 360;
v. The application of any such implied warranties to the claims asserted in this action;
vi. Whether Microsoft has breached any of its implied warranties, as alleged herein; ...
Microsoft contends that plaintiffs’ express warranty claim is not amenable to class treatment because individual proof of causation is necessary to determine if there was a breach of its express warranty. According to Microsoft, like the Tire Warranty at issue in Wolin, a determination of whether the allegedly defective Xbox disc system caused a given disc to scratch requires proof specific to that class member. However, this analogy is inapt because plaintiffs’ position is that the design- defect itself breaches the express warranty.
The most that can be said of the holding in Wolin that would be of assistance to Microsoft is our recognition that “early tire wear cases may be particularly problematic for plaintiffs seeking class certification ...” Id. at 1173 (emphasis added). Nevertheless, in that case, we “reject[ed] Land Rover’s suggestion that automobile defect cases can categorically never be certified as a class.” Id. In Wolin, plaintiffs alleged the existence of a design defect, Land Rover’s failure to reveal material facts and Land Rover’s unjust enrichment due to the sale of defective vehicles. See id. We held that these allegations were “susceptible to proof by generalized evidence. Although individual factors may affect premature tire wear, they [did] not affect whether the vehicles were sold with an alignment defect.” Id.
Similarly, proof that the allegedly defective disc system caused individual damages is not necessary to determine whether the existence of the alleged design defect breaches Microsoft’s express warranty. Rather, plaintiffs’ breach of express warranty claim presents a common factual question — is there a defect? — and a common mixed question of law and fact — does that defect breach the express warranty? We conclude, as we did in Wolin, that the district court erred in finding that individual issues of causation predominate over these common questions. See id.
Microsoft attempts to further distinguish Wolin by arguing that, unlike the vehicles in Wolin, with their “duck-footed” tires that inevitably caused uneven, premature tire wear, the defect here may never manifest. Microsoft contends that it proved in the Scratched Disc Litigation that the alleged defect does not manifest in the vast majority of Xboxes. However, we debunked this argument in Wolin by referencing the rule from Blackie, 524 F.2d at 901, that “proof of the manifestation of a defect is not a prerequisite to class certification ....” Id.
' What Microsoft is really arguing is that plaintiffs cannot prevail on the merits. See id. However, Microsoft’s merits-based contention has no place in the determination of whether an action may proceed on a class-wide basis. When the district court relied on Gable to conduct this merits-based analysis, see Baker, 851 F.Supp.2d at 1279-80, it erred, thereby abusing its discretion.
Microsoft next argues that, “unlike the Wolin plaintiffs — who alleged the alignment defect made their luxury vehicles ‘worth less,’ ... — Plaintiffs neither claimed the alleged defect made Xbox 360 consoles worth less nor offered common evidence of damage or loss to the proposed *615 class.” This argument misconstrues the allegations of the complaint. Like the plaintiffs in Wolin, plaintiffs in this case alleged that a design defect diminished the value of the Xbox.
In a footnote, Microsoft also suggests that individual issues of state warranty law predominate for implied warranty claims. However, Microsoft has not identified any material differences in the applicable state implied warranty laws that would require an individualized inquiry regarding the commonly asserted defect. Indeed, Microsoft noted in its appellate brief the similarity among the implied warranty statutes in Washington, California, Illinois, New York and Michigan.
Finally, Microsoft seeks to characterize plaintiffs’ class action allegations as proceeding on the theory that Wolin created a per se rule requiring class certification of defect claims. Microsoft’s contention is premature and misses the mark. As an initial matter, in Wolin we did not adopt a per se rule requiring class certification of defect claims. Indeed, the converse is true. Rather than adopting a per se rule, we simply rejected Land Rover’s suggestion that we should categorically decline to certify classes in automobile defect cases. See Wolin, 617 F.3d at 1173. Moreover, plaintiffs in this case never moved for class certification. Instead, the district court erroneously ruled that defect allegations are not amenable to resolution on a class-wide basis and struck the class allegations from the complaint. See Baker, 851 F.Supp.2d at 1280-81. Microsoft makes several arguments to this court attempting to distinguish Wolin and to show that certification of this class would violate Federal Rule of Civil Procedure 23. However, our ruling that the district court’s application of comity was misplaced means that these arguments are better addressed if and when plaintiffs move for class certification. It suffices for now to hold that because the district court misread Wolin, it did not account for the change in applicable law that made deference to Judge Coughenour’s opinion erroneous.[5]
We express no opinion on whether the specific common issues identified in this case are amenable to adjudication by way of a class action, or whether plaintiffs should prevail on a motion for class certification if such a motion is filed. We hold only that the district court committed an error of law and abused its discretion when it struck the class action allegations from the complaint in contravention of applicable Ninth Circuit precedent.
III. CONCLUSION
We conclude that we have jurisdiction over this appeal despite the parties’ stipulation to dismiss the case following the district court’s ruling striking the class action allegations. We hold that our decision in Wolin is controlling, and the district court’s decision striking the class *616 action allegations from the complaint contravened Wolin and was an abuse of discretion.
REVERSED and REMANDED for further proceedings consistent with this opinion.

. In particular, the plaintiffs contended that the front of each of the vehicle’s rear tires was farther out from the center line than the back of each tire, a condition the district court described as "duck-footed.” Gable, 2008 WL 4441960, at *1.

. Courts have grappled with the balance between preventing repeated frivolous efforts to certify a class and preserving due process rights. See, e.g., In re Bridgestone/Firestone, Inc., Tires Products Liab. Litig., 333 F.3d 763, 768-69 (7th Cir.2003) (binding putative class members whether or not named). Despite the Supreme Court’s recognition of "policy concerns relating to use of the class action device,” the Court rejected the Seventh Circuit's approach and decided that "principles of stare decisis and comity among courts” would have to “mitigate the sometimes substantial costs of similar litigation brought by *612 different plaintiffs.” Smith v. Bayer Corp., - U.S. -, 131 S.Ct. 2368, 2381, 180 L.Ed.2d 341 (2011). The district court's application of the ALI proposal may be viewed as an effort to reconcile these values and follow the Supreme Court’s guidance in Smith.

. Microsoft also contends that because the Plaintiffs unsuccessfully moved for interlocutory appeal under Rule 23(f), they must litigate the merits of their claims to final judgment to obtain appellate review. However, Microsoft has not presented a principled basis for this proposed distinction between the present case and Berger.

. Our decision in Huey v. Teledyne, Inc., 608 F.2d 1234 (9th Cir.1979), is not to the contrary. There, putative class plaintiff Huey's motion for class certification was denied in the district court. Id. at 1236. Subsequently, Huey's individual action was called for trial, but Huey made no appearance; accordingly, the district court dismissed Huey’s action for want of prosecution. Id. Huey attempted to appeal the denial of class certification, but this court explained that it lacked jurisdiction over the appeal. We explained that the strong policy of giving trial judges the ability “to achieve the orderly and expeditious disposition of cases” meant that plaintiffs who had failed to prosecute their claims lost the ability to appeal the denial of class certification. Id. at 1239 (quoting Sullivan v. Pacific Indent. Co., 566 F.2d 444, 445-46 (3rd Cir.1977)).
However, Huey does not control here. Unlike that proceeding, Baker did not fail to appear before the district court after the class action allegations were struck. In fact, Baker stipulated to dismiss his individual claim, giving up a valuable right in the process. Our cases recognize that a stipulated dismissal of an individual claim is an adverse and appeal-able final judgment, Berger, 741 F.3d at 1065, as does a leading treatise. See 7B Charles Allan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 1802 (3d ed.2005).

. Although no circuit has adopted the ALI rule since its publication in 2010 (nor did the Supreme Court endorse it in Smith), the district court misapplied the rule by relying on the wrong legal standard. The district court gave a presumption of correctness to Judge Coughenour’s prior ruling, but improperly determined that a change in law (our decision in Wolin) did not rebut the presumption. In other words, assuming arguendo the validity of the ALI rule, the district court's misreading of the prior ruling rendered application of the presumption of comity an abuse of discretion. See United States v. Hinkson, 585 F.3d 1247, 1251 (9th Cir.2009) (en banc) (abuse of discretion to identify wrong legal standard); see also Barapind v. Reno, 225 F.3d 1100, 1109 (9th Cir.2000) (decision to dismiss under comity doctrine reviewed for abuse of discretion). Given that we can decide this case on a narrower and more well established ground, there is no reason to adopt the ALI rule here.