Edward A. SERE, Plaintiff,

v.

BOARD OF TRUSTEES OF the UNI-
VERSITY OF ILLINOIS, University of
Illinois at Chicago, Illinois, Defendants.

No. 85 C 7899.

United States District Court,
N.D. Illinois, E.D.

Feb. 28, 1986.

Lawrence Jay Weiner and Joan M. Eagle,
Weiner, Neuman & Spak, Chicago, Ill., for
plaintiff.

Robert E. Arroyo and Paul J. Gudel,
Keck, Mahin & Cate, Chicago, Ill., for de-
fendants.

MEMORANDUM OPINION
AND ORDER

DUFF, District Judge.

Defendant Board of Trustees of the Uni-
versity of Illinois, University of Illinois at
Chicago, ("Board") has moved to dismiss
plaintiff Edward Sere's allegations that the
Board discriminated against him on the ba-
sis of race and national origin when it
refused to renew his employment contract
for the 1984–85 school year.

Plaintiff, who was a counsellor in defend-
ant's Educational Assistance Program,
filed a two-count complaint. Count I alleg-
es a violation of Title VII of the Civil
Rights Act of 1964, 42 U.S.C. §§ 2000e *et
seq.* ("Title VII"). Count II alleges a viola-
tion of 42 U.S.C. § 1981 ("§ 1981"). Both
counts seek reinstatement, compensatory
damages, and attorneys' fees; Count II
also seeks punitive damages. Jurisdiction
is proper under 28 U.S.C. § 1331.

The Board argues that Count I must be
dismissed because Sere failed to file a time-
ly charge of discrimination with the Equal
Employment Opportunity Commission
("EEOC"), as required by 42 U.S.C.
§§ 2000e–5(e), (f). The Board seeks dismis-
sal of Count II because Sere alleges dis-
crimination only on the basis of national
origin, which is not actionable under
§ 1981. Should Count II survive the mo-
tion to dismiss, the Board also argues that

the Eleventh Amendment bars any award of damages against it in an action under § 1981, and that plaintiff must accordingly be limited to equitable relief.

## COUNT I

A prerequisite to commencement of a Title VII action is the timely filing of a charge of discrimination with the EEOC. 42 U.S.C. § 2000e–5(f). A charge is timely if it is filed within 180 days of the alleged act of discrimination, except in states that, like Illinois, have their own agencies for investigating complaints of employment discrimination. In these states, known as "deferral states," the filing period is expanded to 300 days. 42 U.S.C. § 2000e–5(e).

Title VII is silent, however, about the consequences for a plaintiff in a deferral state who fails to file a timely state charge, yet nonetheless does file a charge with the EEOC within 300 days. That is the situation here. Sere learned on February 10, 1984, that his contract would not be renewed. He filed his charge of discrimination with the Illinois Department of Human Rights ("IDHR") 223 days later, on October 1, 1984, and the IDHR immediately cross-filed his charge with the EEOC. Because Sere's filing was not within the 180-day period provided for under Illinois law, the Department dismissed his complaint as untimely.

The Board argues that because Sere failed to file a timely state charge, he should not be allowed to take advantage of the extended 300-day period for filing his EEOC charge. Instead, the Board says, Sere should be relegated to the 180-day filing deadline imposed on claimants who live in non-deferral states—a deadline Sere did not meet.

The Seventh Circuit has not yet decided whether a Title VII plaintiff's failure to file a timely state charge of discrimination bars him from taking advantage of the 300-day deferral period. Five judges in this circuit have considered the question, however, and four of those have reached the same conclusion: that plaintiffs in deferral states who fail to file timely charges with state agencies should not be permitted to take advantage of the 300-day deferral period, and should be required to file their EEOC charges within the 180-day period allowed claimants in non-deferral states. *See Martinez v. United Automobile, Aerospace & Agricultural Implement Workers of America, Local 1373*, 772 F.2d 348, 350–52 (7th Cir.1985) (dictum) (Posner, J.); *Proffit v. Keycom Electronic Publishing*, 625 F.Supp. 400, 405–407 (N.D.Ill.1985) (dictum) (Shadur, J.); *O'Young v. Hobart Corp.*, 579 F.Supp. 418, 421 (N.D.Ill.1983) (McGarr, C.J.); *Lowell v. Glidden-Durkee, Div. of SCM Corp.*, 529 F.Supp. 17 (N.D.Ill. 1981) (Getzendanner, J.). *Contra Flagg v. Atchison, Topeka & Santa Fe Railway Co.*, No. 84 C 10972, slip op. (N.D.Ill. Dec. 18, 1985) (Decker, J.).

The argument in favor of the Board's position is simple: the purpose of allowing an extended charge-filing period in deferral states is "to give states an opportunity to remedy problems of discrimination before the federal government gets involved." *Martinez*, 772 F.2d at 350. Allowing the longer charge-filing period to claimants who ignore the state procedures defeats this purpose, and unfairly disadvantages claimants who happen to live in non-deferral states. *Id.; Proffit*, 625 F.Supp. at 406–07.

Furthermore, as Judge Shadur points out, Title VII provides that the 300-day filing period applies only where "the person aggrieved has initially instituted proceedings with a State or local agency *with authority to grant or seek relief* from such practice...." 42 U.S.C. § 2000e–5(e) (emphasis added). If a claimant's state charge is untimely, the state or local agency arguably lacks authority to grant relief, and the claimant's "institution" of state proceedings is thus a sham. *Proffit*, 625 F.Supp. at 407.

Each of the four circuits to address the issue has reached an opposite conclusion, however, and has determined that a claimant's failure to file a timely state charge of discrimination does not prevent him from

taking advantage of the extended charge-filing period in deferral states. *Thomas v. Florida Power & Light Co.*, 764 F.2d 768, 771 (11th Cir.1985); *Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208, 1210–11 (3d Cir.1984); *Smith v. Oral Roberts Evangelistic Association, Inc.*, 731 F.2d 684, 688–90 (10th Cir.1984); *Rasimas v. Michigan Department of Public Health*, 714 F.2d 614, 620–22 (6th Cir.1983).

Likewise, the EEOC takes the position that a claimant's failure to file a timely state charge does not render the 300-day charge-filing period unavailable in a deferral states 29 C.F.R. § 1601.13(a)(3). Because the EEOC is the agency charged with administering Title VII, the court must give its interpretation of the statute substantial weight. *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 2783, 81 L.Ed.2d 694 (1984).

██ This court believes the better approach to the problem is that adopted by the four circuits and the EEOC. Title VII provides:

> A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred, ... except that in the case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice, ... such charge shall be filed on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred....

42 U.S.C. § 2000e–5(e). Read literally, this language allows claimants in deferral states 300 days in which to file charges with the EEOC, so long as they have "initially instituted" state proceedings. The statute does not provide that this 300-day filing period applies only to claimants in deferral states who "initially institute" timely state proceedings, nor does it relegate claimants whose state charges are untimely to a 180-day EEOC charge-filing period.

The Board suggests that the court look behind the plain language of Title VII and interpret § 2000e–5(e) in light of its purpose. But divining Congressional intent is a hazardous endeavor and as the Supreme Court recently observed, "Congress' 'inklings' are best determined by the statutory language that it chooses." *Sedima, S.P.R.L. v. Imrex Co.*, —— U.S. ——, 105 S.Ct. 3275, 3785 n. 13, 87 L.Ed.2d 346 (1985). The arguments in favor of the Board's position are primarily policy arguments, not legal ones, and regardless of how sound this court thinks those arguments are, it is unwilling to substitute its own judgment for the wisdom of Congress.

Restraint is particularly appropriate here, where a ruling that Sere was not entitled to the 300-day charge-filing period because his state charge was untimely would conflict with the law in every circuit to decide this issue. "With no underlying ideological principles involved, the courts should not unnecessarily conflict on the application of regulatory laws such as the one at issue here. The Congress or administrative agency can readily change the rules if interpreted wrongly. In the meantime, all citizens are required to follow the same rules." *Thomas v. Florida Power and Light Co.*, 764 F.2d at 770.

In determining whether plaintiff's failure to file a timely state charge rendered his EEOC charge untimely, the court is also concerned with the principles of fairness and substantial justice. The plain language of Title VII does not require claimants to file timely state charges before becoming subject to the 300-day filing period in deferral states, and the court is reluctant to penalize plaintiff for failing to anticipate an interpretation of § 2000e–5(e) that is neither obvious nor widely accepted.

For the above reasons, the court holds that plaintiff's EEOC charge was timely because it was filed within 300 days of the date plaintiff was notified that his contract would not be renewed. The motion to dismiss Count I is denied.

## COUNT II

Plaintiff alleges in Count II that defendant discriminated against him on the basis of his race in violation of § 1981. The Seventh Circuit has held that to state a cause of action under § 1981, "the plaintiff must allege some facts that demonstrate that his race was the *reason* for the defendant's" action. *Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir.1982) (emphasis in original). Sere's allegations do not meet this test.

According to Sere, who is black, his supervisor, who is also black, refused to renew his contract after unsuccessfully pressuring him to give up his job in favor of a less qualified person, again a black. Sere's replacement is black. Taken as alleged, these facts do not support plaintiff's contention that he was discriminated against on the basis of his race.

 Sere argues that he is a Nigerian black, while his supervisor and replacement are American blacks with lighter skin pigmentation. But this is insufficient to save Count II. It is settled law in this circuit that discrimination on the basis of national origin is not actionable under § 1981, *Anooya v. Hilton Hotels Corp.*, 733 F.2d 48, 50 (7th Cir.1984), and although the court recognizes that discrimination based on skin color may occur among members of the same race, plaintiff is unable to offer any authority for the novel proposition that such discrimination may form the basis of a cause of action under § 1981. This court refuses to create a cause of action that would place it in the unsavory business of measuring skin color and determining whether the skin pigmentation of the parties is sufficiently different to form the basis of a lawsuit. Count II must therefore be dismissed.[1]

Because the court dismisses Count II, it is unnecessary to address defendant's argument that the Eleventh Amendment bars plaintiff's damage claims in Count II.

**1.** Defendant suggests that plaintiff's failure to show any basis for his claim of race discrimination requires dismissal of Count I as well as Count II. Count I properly states a claim of national origin discrimination, however, which is actionable under Title VII. 42 U.S.C. § 2000e–2.

## CONCLUSION

The court grants defendant's motion to dismiss Count II, but denies the motion to dismiss Count I because plaintiff's EEOC charge was timely and plaintiff has stated a valid cause of action for national origin discrimination.