Edward A. SERE, Plaintiff–Appellant,

v.

BOARD OF TRUSTEES OF the UNIVERSITY OF ILLINOIS, University of Illinois at Chicago, Illinois, Defendants–Appellees.

No. 87–1011.

United States Court of Appeals, Seventh Circuit.

Argued June 10, 1988.

Decided July 15, 1988.

Horace Fox, Jr., Chicago, Ill., for plaintiff-appellant.

Carla J. Rozycki, Keck, Mahin & Cate, Chicago, Ill., for defendants-appellees.

Before BAUER, Chief Judge, EASTERBROOK and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

Edward A. Sere appeals the dismissal of his two-count case. The district court dismissed the entire case pursuant to Rule 37(b) of the Federal Rules of Civil Procedure for failure to comply with the court's discovery orders. Because Dr. Sere failed to challenge the propriety of the court's Rule 37(b) decision in his opening brief before this court, we hold that he has waived the issue. Accordingly, we affirm the decision of the district court.

I

Background

Dr. Sere commenced this action by filing a two-count complaint in the district court on September 11, 1985. He alleged that the defendant-appellee, the Board of Trustees of the University of Illinois at Chicago (the University), discriminated against him because of his national origin and his race in violation of both Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (count I), and 42 U.S.C. § 1981 (count II). Specifically, his complaint stated that he was employed as a counselor in the Educational Assistance Program (EAP) at the University. It also stated that, following the expiration of his contract in 1984, he was informed by his supervisor that he would not be retained by the University. Subsequently, another individual—allegedly less qualified than Dr. Sere—replaced him as a counselor in the EAP. The complaint alleged discrimination because Dr.

Sere is a "black *Nigerian* male, a citizen of the United States," while his supervisor and his replacement are both "black *American[s]*." R.1 at 2–3 (emphasis supplied). Dr. Sere sought reinstatement, injunctive relief, compensatory damages, punitive damages and attorneys' fees.

The University filed a motion to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. In a memorandum opinion and order dated February 28, 1986, 628 F.Supp. 1543, the district court granted the University's motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure with respect to the § 1981 (count II) claim only. Thereafter, Dr. Sere failed to conduct his own discovery on the surviving count. He also violated two court orders to complete a deposition initiated by the University. Accordingly, on September 11, 1986, the University moved for dismissal pursuant to Rule 37(b). The district court granted the motion and dismissed the case in its entirety. After the denial of post-trial motions, Dr. Sere filed his notice of appeal.

Dr. Sere later filed a motion styled a "motion to amend notice of appeal." In that motion, he submitted that a recent Supreme Court decision was dispositive on the merits of his § 1981 claim. This court granted the motion. The University promptly requested this court to reconsider that decision. We denied the request. Dr. Sere then filed his initial appellate brief with us. However, the brief failed to make any argument that the district court im-

properly dismissed the case under Rule 37(b).

## II

## Analysis

### A. *Waiver*

1.

The first issue that we must address is whether Dr. Sere waived the correctness of the Rule 37(b)[1] dismissal by failing to raise it in his opening brief. As we held recently in *Beard v. Whitley County REMC*, 840 F.2d 405 (7th Cir.1988):

Rule 28(a)(4) of the Federal Rules of Appellate Procedure mandates that an appellant must present in its brief the issues to the appellate court that the appellant desires to litigate. In addition, the issues must be supported by appropriate judicial authority. *Id.; see Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220 (7th Cir.1986); *Sanchez v. Miller*, 792 F.2d 694, 703 (7th Cir.1986), *cert. denied*, 479 U.S. 1056, 107 S.Ct. 933, 93 L.Ed.2d 984 (1987). "It is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel." *Sanchez*, 792 F.2d at 703.

*Id.* at 408–09; *see* Fed.R.App.P. 28(a)(4).[2] We consistently and evenhandedly have applied the waiver doctrine when appellants have failed to raise an issue in their opening brief.[3] Here, the entirety of Dr. Sere's

---

**1.** Rule 37(b) provides in pertinent part:

If a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

....

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party....

Fed.R.Civ.P. 37(b)(2).

**2.** Rule 28 of the Federal Rules of Appellate Procedure provides in relevant part:

The brief of the appellant shall contain under appropriate headings and in the order here indicated:

....

(4) An argument. The argument may be preceded by a summary. The argument shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefore, with citations to the authorities, statutes and parts of the records relied on.

Fed.R.App.P. 28(a)(4).

**3.** *See, e.g., Appley v. West*, 832 F.2d 1021, 1030 (7th Cir.1987); *Andree v. Ashland County*, 818 F.2d 1306, 1310 n. 5 (7th Cir.1987); *Manbourne, Inc. v. Conrad*, 796 F.2d 884, 888 (7th Cir.1986); *Ohio–Sealy Mattress Mfg. v. Sealy, Inc.*, 776 F.2d 646, 656 n. 13 (7th Cir.1985); *Cannon v. Team-*

mention of the Rule 37(b) dismissal consisted of one sentence in his "statement of case": "Count one was dismissed on September 11, 1986 for failure to comply with discovery." Appellant's Br. at 2. Clearly, Dr. Sere's brief failed to comply with the requirements of Rule 28(a)(4).

### 2.

Nevertheless, in his reply and supplemental briefs, Dr. Sere contends that we essentially authorized him to ignore the issue of the Rule 37(b) dismissal by permitting him to brief his § 1981 claim in light of an intervening Supreme Court decision, *Saint Francis College v. Al–Khazraji,* —— U.S. ——, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987). However, Dr. Sere's motion to amend his notice of appeal requested us to "[e]nlarge the issues on appeal *to include* the Section 1981 count, which was dismissed by the District Court on February 28, 1986, in light of *Saint Francis.*" Appellee's App. at 77 (emphasis supplied). We simply cannot construe our order permitting him *to include* the § 1981 claim in light of *Saint Francis College* as excusing him from confronting and briefing the Rule 37(b) dismissal issue. The order merely authorized Dr. Sere to argue the merits of his § 1981 claim in the event that we reversed the district court on the Rule 37(b) issue.

### 3.

■■■ Dr. Sere also contends that the Rule 37(b) dismissal should apply only to the Title VII claim. He submits that the failure to comply with the court's discovery orders did not affect the § 1981 claim because it already had been dismissed pursuant to Rule 12(b)(6). As an interlocutory order, the § 1981 dismissal, according to Dr. Sere, was appealable when the district court entered its final judgment. Again, we find no merit to this contention. Although the general rule is that rulings on interlocutory orders are encompassed with-

in a subsequent final judgment and may be reviewed as part of that judgment, see *Elscint, Inc. v. First Wisconsin Fin. Corp. (In re Xonics, Inc.),* 813 F.2d 127, 130–31 (7th Cir.1987); *Reichman v. United States Fire Ins. Co. (In re Kilgus),* 811 F.2d 1112, 1115 (7th Cir.1987), the rule is inapplicable where adherence would reward a party for dilatory and bad faith tactics. As the Ninth Circuit has noted in this regard:

> If a litigant could refuse to proceed whenever a trial judge ruled against him, wait for the court to enter a dismissal for failure to prosecute, and then obtain review of the judge's interlocutory decision, the policy against piecemeal litigation and review would be severely weakened. This procedural technique would in effect provide a means to avoid the finality rule embodied in 28 U.S.C.A. § 1291. To review the district court's refusal ... is to invite the inundation of appellate dockets with requests for review of interlocutory orders and to undermine the ability of trial judges to achieve the orderly and expeditious disposition of cases.

*Ash v. Cvetkov,* 739 F.2d 493, 497 (9th Cir.1984) (quoting *Huey v. Teledyne, Inc.,* 608 F.2d 1234, 1240 (9th Cir.1979), *cert. denied;* 458 U.S. 1106, 102 S.Ct. 3484, 73 L.Ed.2d 1367 (1982) (quoting *Sullivan v. Pacific Indem. Co.,* 566 F.2d 444, 445–46 (3d Cir.1977))), *cert. denied,* 470 U.S. 1007, 105 S.Ct. 1368, 84 L.Ed.2d 387 (1985).

It is particularly important to adhere to this principle here. Dr. Sere's failure to complete his deposition and to initiate discovery infected the § 1981 claim to the same extent as the Title VII claim. Since the district court's ruling on the § 1981 claim was not a final judgment, it remained before the district court at all times. Had the court reinstated the count, the plaintiff's noncompliance with the discovery orders would have affected the trial of that count as well. Dr. Sere should have complied with the discovery orders of the dis-

*sters & Chauffeurs Union, Local 627,* 657 F.2d 173, 177–78 (7th Cir.1981); *United States v. White,* 454 U.S. 435, 439 (7th Cir.1971), *cert. denied,* 406 U.S. 962, 92 S.Ct. 2070, 32 L.Ed.2d 350 (1972); *see also Northwest Acceptance Corp.*

*v. Lynnwood Equip., Inc.,* 841 F.2d 918, 923 (9th Cir.1987); *Jasperson v. Purolator Courier Corp.,* 765 F.2d 736, 740–41 (8th Cir.1985); *Texas Mortgage Serv. Corp. v. Guadalupe Sav. & Loan Ass'n,* 761 F.2d 1068, 1073–74 (5th Cir.1985).

trict court and should have prosecuted his case fully. Accordingly, because Dr. Sere did not raise Rule 37(b) in his opening brief, we find that he has waived the issue as to both counts of his complaint.

### B. *Rule 37(b)*

■ Even if Dr. Sere had not waived the point, he would not prevail. We would uphold the district court's decision to dismiss the case. We previously have interpreted Rule 37(b) as permitting a district court to dismiss a case upon "a showing of willfulness, bad faith, or fault on the part of the non-complying party." *Roland v. Salem Contract Carriers, Inc.,* 811 F.2d 1175, 1179 (7th Cir.1987); *see Hindmon v. National–Ben Franklin Life Ins. Corp.,* 677 F.2d 617, 620 (7th Cir.1982); *Charter House Ins. Brokers, Ltd. v. New Hampshire Ins. Co.,* 667 F.2d 600, 605 (7th Cir. 1981). The Supreme Court and other courts of appeals also have recognized the propriety of a dismissal under Rule 37(b).[4] Our review of the district court's decision is governed by the abuse of discretion standard. *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976) (per curiam); *Roland,* 811 F.2d at 1179; *Hindmon,* 677 F.2d at 620.

■ Dr. Sere never appeared for completion of his deposition, as he agreed to do, on July 11, 1986. Consequently, the district court ordered him to complete the deposition on either July 24, 25 or 26. Again, Dr. Sere failed to appear. He explained to the court that his attorney had failed to inform him of the date and that his attorney was withdrawing from the case. Accordingly, the court extended discovery for forty-five days to permit the

retention of substitute counsel and for compliance with the court's discovery orders. The court also ordered Dr. Sere to initiate —and complete—his discovery and to finish his deposition during that time. In addition, the court warned Dr. Sere that "[i]f you don't move your case forward, I'm going going [sic] to throw it out." Tr. of July 29, 1986 at 9 (reproduced in Appellee's App. at 21). Yet, Dr. Sere failed to conduct any discovery and never agreed to finish his deposition. As a result, the court granted the University's motion for dismissal.[5]

Nevertheless, the court entertained two motions to reconsider its decision. At the first hearing, the trial judge inquired as to whether Dr. Sere's new counsel saw any merit to the underlying cause of action. The following colloquy took place:

THE COURT: But you've met Mr. Sere and he's been here in open court. Now, you're saying that you want to take his credibility and his character and attitude and general demeanor to a jury on a credibility question alone?

MR. HUBERT: Well, you know I've really wrestled with it. And you know it's just a very difficult call, Judge. It's a very difficult call. In fact, I had originally decided that under the new Rule 11 you know I do have a responsibility to the Court.

THE COURT: I understand the Rule. Don't worry about Rule 11. I told you that last time.

MR. HUBERT: Okay.

. . . .

THE COURT: So the main thing to me here is this is a motion to vacate. And I don't hear anything that should cause me to change what I've already done. I

---

**4.** *See, e.g., National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976) (per curiam); *Societe Int'l v. Rogers,* 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958); *Farm Constr. Serv., Inc. v. Fudge,* 831 F.2d 18 (1st Cir.1987) (per curiam); *Davis v. Fendler,* 650 F.2d 1154 (9th Cir.1981) (default judgment); *Phillips v. Insurance Co. of North Am.,* 633 F.2d 1165 (5th Cir.1981).

**5.** In dismissing the case, the district court explained to Dr. Sere in open court:

Mr. Sere, I think I have told you at least three times, and I think maybe as many as six, that trying to represent yourself under these circumstances was like trying to take out your own appendix. I have given you more than enough time and more than enough opportunity to respond to my admonitions, adjurations, and orders, and you haven't.
Tr. of Sept. 11, 1986 at 5.

hear you saying: Well, maybe I should and maybe I shouldn't.

MR. HUBERT: Right.

THE COURT: If you want the Court to vacate what the Court's already done, it seems tυ me that you ought to be able to come in with some positive affirmative posture other than a hunch.

MR. HUBERT: I don't have anything more than what I've already indicated to you.

Tr. of Dec. 9, 1986 at 4–5. At the second hearing, the court addressed Dr. Sere as follows:

THE COURT: And I told you before, Mr. Sere, time after time after time I have tried to give you all the consideration in the world. I even let a lawyer file an appearance on the hope that he could find a cause of action for you, and after he investigated it, came back in here and told me he couldn't represent to the Court that there was any basis for your cause of action, and yet you come in again with this motion which suggests that people are lying or something.

Tr. of Dec. 31, 1986 at 2.

There is ample evidence in the record to support the district court's decision to dismiss the case pursuant to Rule 37(b). It is quite clear from the court's comments to Dr. Sere that it considered Dr. Sere's refusal to comply with its orders to be willful and in bad faith. The record supports the district court's determination. As the Supreme Court has explained, "the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League*, 427 U.S. at 643, 96 S.Ct. at 2781.

### Conclusion

Dr. Sere did not challenge the Rule 37(b) dismissal in his opening brief before this court. Therefore, he has waived an issue that is fatal to his case. Even if we considered the propriety of the dismissal or-

der, however, we would affirm the decision of the district court for the reasons set forth above. Accordingly, we need not reach the merits of the § 1981 claim. The decision of the district court is affirmed.

AFFIRMED.