**Bradford J. WATKINS, et al., Plaintiffs,**

**v.**

**CITY OF SOUTH BEND, et al., Defendants.**

**No. S86–635.**

United States District Court, N.D. Indiana, South Bend Division.

June 26, 1989.

Richard L. Kieser, South Bend, Ind., for plaintiffs.

Carolyn V. Pfotenhauer, Asst. City Atty., South Bend, Ind., for defendants.

*MEMORANDUM AND ORDER*

MILLER, District Judge.

This cause is before the court on the defendants' motion, pursuant to Fed.R. Civ.P. 37(d), for dismissal and attorney fees for the plaintiffs' failure to comply with discovery requests. For the reasons that follow, the court concludes that the defendants' motion to dismiss should be granted.

Approximately 160 officers of the South Bend Police Department filed this action in state court on October 29, 1986 against the City of South Bend, its mayor and its police chief, hereinafter collectively referred to as "the City". Contending that they should be compensated for an additional sixteen hours of pay for each day they were re-

quired to be on "standby" status from July 6, 1986 to August 5, 1986, the plaintiffs sought additional compensation under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* The City removed the action to this court on November 17, 1986, pursuant to 28 U.S.C. §§ 1441, 1446, and four days later moved for dismissal due to the plaintiffs' failure to comply with the Fair Labor Standards Act's requirement that individual written consents be filed in a collective action or class action under the Act. The plaintiffs did not challenge the City's contention that those requirements applied; instead, the plaintiffs spent the next several months acquiring and filing the requisite consent forms. Presumably satisfied by the plaintiffs' efforts to comply with the consent provision, the City filed its answer to the complaint on May 27, 1987.

No action was taken in the case during the ensuing year. Accordingly, on June 10, 1988, the court ordered the plaintiffs to show cause why the suit should not be dismissed for want of prosecution. Fed.R. Civ.P. 41(b). The plaintiffs responded by explaining that an election had brought a new City administration, complicating communications concerning the case, and that the plaintiffs were in the process of preparing a summary judgment motion on the issue of liability and seeking appointment of a master to determine damages. In light of that response, the court ordered that the cause be retained on the docket and that the parties file status reports. Following those filings, the court entered a scheduling order directing that discovery be completed by January 16, 1989 and dispositive motions be filed by January 31, 1989. A status conference was scheduled for February 2, 1989.

On December 7, 1988, the City sought leave to file interrogatories in excess of the number permitted by the district rules. The court granted that motion two days later. On December 13, the plaintiffs filed a motion requesting leave to object to the interrogatories upon receipt. The court granted that motion the following day. On December 14, the City filed three requests for admissions and ninety-two interrogatories on fifty-two of the plaintiffs and filed eighty-eight interrogatories on the remaining 105 plaintiffs (three of the original plaintiffs had not filed consents).

The City twice moved to enlarge the dispositive motion deadline due to the plaintiffs' failure to respond to the discovery requests. The first motion, filed on January 20, produced an extension until March 17; the second motion, filed on March 10, resulted in an extension to May 31. Despite these extensions, no response of any kind to the defendants' interrogatories was forthcoming from the plaintiffs.

At the February 2 status conference, discussion was had concerning relief from the admissions the plaintiffs were deemed to have made pursuant to Fed.R.Civ.P. 36 by virtue of their failure to make a timely response. Counsel for the plaintiffs was instructed to file promptly any motion for relief from those admissions. To date, no such motion has been filed.

On March 16, the City moved to compel answers to its interrogatories pursuant to Fed.R.Civ.P. 37, demonstrating compliance with District Rule 13. The plaintiffs had filed no response to the motion to compel by March 29, when the court granted the defendants' motion to compel and ordered the plaintiffs to respond to the interrogatories within ten days.

On April 6, the plaintiffs requested ten additional days within which to respond to the interrogatories, explaining the difficulties in obtaining nearly two hundred signatures and reporting that counsel "has arranged for additional office help in completing this." The court granted the motion, but no answers were filed.

On May 26, the City filed its second motion to dismiss and for an award of expenses pursuant to Fed.R.Civ.P. 37(d) due to the plaintiffs' continued failure to respond to the interrogatories. In response, the plaintiffs moved to strike the interrogatories, contending that the interrogatories were "offensive", "abusive in quantity", and "irrelevant", and that they imposed an "economically impossible" burden on the plaintiffs. The court heard argument on both motions at the June 7

status conference. At that hearing, plaintiffs' counsel informed the court that some of the interrogatories had offended the plaintiffs, particularly those portions that asked the plaintiffs to set forth the amount of time devoted to various tasks, including personal hygiene, on each of the days at issue in the pay claim.

At the June 7 hearing, plaintiffs' counsel requested and was granted an additional seven days within which to brief the issues pertinent to the dismissal motion. That deadline too has expired without any action on the part of the plaintiffs. The City, however, availed itself of the opportunity to respond to the motion to strike, filing a supplemental memorandum in which it argues that the time for the plaintiffs' objections to the interrogatories has passed. The court agrees and, accordingly, rejects the plaintiffs' invitation to address the merits of those objections.

The plaintiffs failed to answer the interrogatories or to file any objection thereto until more than eighty days after they were ordered to do so by this court. While plaintiffs' counsel now contends that discovery should be stayed pending the resolution of the liability issue, he did not raise the issue until months after response to the interrogatories was due. Perhaps more egregious is the plaintiffs' failure to address the question of law presented by their claim. At the status conference on June 7, the plaintiffs' counsel made repeated reference to the fact that he believed the issue of liability needed to be addressed before any discovery with respect to damages was needed. Yet despite their representation in July, 1988 in response to the threatened dismissal for failure to prosecute that they were in the process of preparing a summary judgment motion on the issue of liability, no such motion was ever filed. The deadline for such motions expired on May 31, even though it had been extended on at least two occasions at the City's request. The plaintiffs never requested an extension of the dispositive motion deadline.

Rule 37(d) provides in pertinent part:

> If a party ... fails ... (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, ... the court ... may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule....

Subsection (b)(2)(C) provides for the dismissal of the action or proceeding. Dismissal under Rule 37 requires both a failure to comply with a discovery order and a showing of willfulness, bad faith, or fault. *Patterson v. Coca–Cola Bottling Co. Cairo–Sikeston, Inc.*, 852 F.2d 280, 283 (7th Cir. 1988); *Roland v. Salem Contract Carriers, Inc.*, 811 F.2d 1175, 1179 (7th Cir.1987). A district court's discretion in awarding sanctions under Rule 37, however, is broad, *Patterson*, 852 F.2d at 283, and the court is not required "to fire a warning shot" by imposing less severe sanctions before dismissing under Rule 37(b). *Hal Commodity Cycle Management Co. v. Kirsh*, 825 F.2d 1136, 1139 (7th Cir.1987); *see also Sere v. Board of Trustees of University of Illinois*, 852 F.2d 285 (7th Cir.1988); *Patterson*, 852 F.2d at 284. As the Seventh Circuit noted in *Matter of Kilgus*, 811 F.2d 1112, 1118 (7th Cir.1987):

> Judges must be able to enforce deadlines. Doing so means the use of sanctions, even severe ones ... when parties ignore the ongoing proceedings and demand the right to set their own deadlines.... Toleration of delay could string out the case interminably, its pace established by the most slothful of the parties.

In reviewing the record in the present case, the court finds nothing which would suggest that the imposition of less severe sanctions would be effective or warranted. Doubtlessly, the interrogatories were extensive. When the number of plaintiffs and sub-parts are considered, the interrogatories consisted of tens of thousands of questions, and a single attorney represents all the plaintiffs. But because the plaintiffs never were denied a request for additional time, the court must conclude that

they had ample time within which, if not to answer, at least to state a broad-based objection, but no response was made until the City's dismissal motion forced the plaintiffs' hand. Even when ordered to respond pursuant to Rule 37, the plaintiffs made no objection; they simply asked for an extra ten days to respond.

The first suggestion that the interrogatories were burdensome came on June 7, 175 days after the interrogatories were filed, 145 days after the responses were due, eighty-four days after the City moved to compel answers, seventy-one days after the plaintiffs were ordered to answer, sixty-four days after the plaintiffs themselves requested an additional ten days to file their responses, and ten days after the City moved to dismiss. When this history is supplemented by an earlier near-dismissal for failure to prosecute, the plaintiffs' failure to timely file any dispositive motions with respect to the issue of liability, and a failure to submit written argument on the issue now before the court after requesting time within which to do so, it becomes apparent that dismissal is the only appropriate remedy. Based on counsel's June 7 statements, it appears that the plaintiffs simply ignored the interrogatories because they found them offensive. That determination, however, is for the court, not for the parties.

The City has sufficiently met its burden of showing that the plaintiffs not only failed to cooperate in the discovery process, but that their conduct was willful and/or in bad faith; no justifiable explanation for such conduct has been forthcoming from the plaintiffs. Accordingly, the court grants the defendants' motion to dismiss with prejudice.

■ The City has asked that it also be awarded its attorney fees for time expended in seeking the plaintiffs' compliance with its discovery requests, including time expended on the second motion to dismiss and in responding to the plaintiffs' motion to strike. Under Fed.R.Civ.P. 37(a)(4), the City was entitled to recover "the reasonable expenses incurred in obtaining the order [compelling the plaintiffs' answers to its interrogatories], including attorney's fees" in the absence of a finding by the court "that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(a)(4). At the time the court issued its order granting the motion to compel, it inadvertently failed to address the issue of attorney fees under subsection (4). The court recognizes under the present circumstances an award of attorney fees may be made under both Rule 37(a)(4) and 37(d). Rule 37(d) provides:

> In lieu of any order *or* in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees ...

(Emphasis added). Subsection (d), however, similarly provides that such expenses need not be awarded if the court finds "that the failure was substantially justified or that other circumstances make an award of expenses unjust." Given the severity of the sanction of dismissal which this court has already imposed, the court finds that any additional sanction, specifically an award of attorney fees to the City, would be inappropriate and would not serve the best interest of justice. Further, it would seem that had the plaintiffs responded to the interrogatories, defendants' counsel would have spent more time reviewing the responses than she has devoted to seeking dismissal; ironically, the plaintiffs' violation of the discovery rules and order has reduced the amount of attorney time necessary for the defense.

Accordingly, the court now GRANTS the City's motion to dismiss, but DENIES the City's motion for attorney fees.

SO ORDERED.