986 F.2d 1424
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert E. OLLOM, Plaintiff-Appellant,
v.
Kenneth McGINNIS, Director of the Department of Correction,
Ronald M. Shansky, Health Service Administration
and Howard Mueller, Medical Director,
Defendants-Appellees.
 No. 92-1330.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 16, 1993.[1]
Decided March 1, 1993.
 
 Before CUMMINGS, CUDAHY and MANION, Circuit Judges.
 
 ORDER
 
 1
 Robert E. Ollom, a prisoner, filed a civil rights action pursuant to 28 U.S.C. § 1983 against defendants, claiming they violated the Eighth Amendment proscription against cruel and unusual punishment when they failed to give him hernia surgery prior to his release from prison. Plaintiff alleges that this omission directly caused him to have continued pain which made it unable for him to work, which in turn forced him to commit theft again, which resulted in his arrest and return to prison.
 
 Background
 
 2
 Plaintiff alleges in his complaint that in 1985 he was serving a sentence of eight years for theft, and four years for escape, to run consecutively. The complaint alleges that while serving his sentence, plaintiff "acquired a hernia." After surgery was cancelled several times in 1988 and 1989, he was released from prison in February 1989. He alleges: "I was released but told by the medical staff at the P.C.C. that my surgery would be taken care of as an outpatient." Plaintiff began working as a groundskeeper, but was layed off "because of re-rupturing my hernia. I wasn't able to lift anything and couldn't even run the tractor to move the golf greens because of the rupture." Plaintiff then became self-employed "as a laborer doing construction and landscaping. I was only able to work a couple of weeks and rest a couple of weeks because of the continuing re-rupturing of the hernia." Plaintiff alleges further that he "was out of work and had no money. I had a hard time making ends meet." Consequently, he turned to theft, was caught and returned to prison. Plaintiff concludes: "I feel that my incarceration at this time is due largely to the failure of the State of Illinois, D.O.C. to give me the medical treatment I needed."
 
 
 3
 Dr. Mueller[2] moved for summary judgment, arguing that plaintiff had failed to show deliberate indifference. The motion was supported by Dr. Mueller's affidavit which stated that he examined plaintiff on January 12, 1989 and found a "small, mildly tender, and easily reducible" hernia. Dr. Mueller stated that there "was no indication of medical urgency to proceed with the surgical repair of the hernia." Dr. Mueller consulted with Dr. Gregorio Manabat and it was "agreed to proceed with the surgery, but [plaintiff] was paroled before the operation could be scheduled." Dr. Mueller added: "At the time of his parole, [plaintiff] was never told that he would have an operation after his release...."
 
 
 4
 Dr. Mueller stated further that when plaintiff was again imprisoned in 1990, surgery was scheduled for October 29, 1990. "It was necessary to cancel that procedure at the request of the St. James Hospital operating room department and the operation was rescheduled for November 26, 1990. Surgical repair of the hernia was carried out by Dr. Manabat on that date as scheduled."
 
 
 5
 Plaintiff's response to defendants' motions to dismiss and motion for summary judgment attached a November 22, 1988 medical report signed by Dr. Manabat and reviewed by Dr. Mueller, stating:
 
 
 6
 "Since this hernia is symptomatic and somewhat large and getting bigger, it is probably best to have this repaired as an out-patient general surgery at St. James Hospital. This patient is advised not to do any heavy lifting or strenuous activities until this is done."[3]
 
 
 7
 The district court granted Dr. Mueller's motion for summary judgment,[4] and thereafter denied plaintiff's motion for reconsideration.
 
 Discussion
 
 8
 We review de novo the district court's grant of summary judgment. Lister v. Stark, 942 F.2d 1183, 1187 (7th Cir.1991). To succeed on a motion for summary judgment, the moving party must show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When the moving party succeeds in showing the absence of a genuine issue as to any material fact, the opposing party must set for the specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); Matsushita Electric Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). A plaintiff may not rest on the allegations in his complaint in opposing a motion for summary judgment. Jackson v. Duckworth, 955 F.2d 21, 22 (7th Cir.1992); Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir.) cert. denied, 464 U.S. 960 (1983).
 
 
 9
 In order for a prison inmate to prevail under 42 U.S.C. § 1983 on a claim of medical mistreatment, the inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The standard of deliberate indifference was recently reaffirmed in Hudson v. McMillian, 112 S.Ct. 995, 1000 (1992) ("society does not expect that prisoners will have unqualified access to health care"). See also Wilson v. Seiter, 111 S.Ct. 2321 (1991). The indifference to medical needs must be substantial; inadequate treatment due to negligence, inadvertence or differences in judgment between an inmate and medical personnel do not rise to the level of constitutional violations. Estelle v. Gamble; Hughes v. Joliet Correctional Center, 931 F.2d 425, 428 (7th Cir.1991) (if the claim is merely medical malpractice, it should be brought in state court). Deliberate indifference may be demonstrated by actual intent or by reckless disregard. See Miltier v. Bourn, 896 F.2d 848, 851 (4th Cir.1990).
 
 
 10
 Summary judgment in favor of defendant was properly entered here where the record shows nothing indicating that Dr. Mueller's treatment constituted actual intent or reckless disregard such that it would to rise to the level of constitutional violation under § 1983. See, e.g., Mumford v. Prison Health Services, No. 88-1785 (E.D.Pa., May 18, 1990), reported in full at 1990 WL 69138, 1990 U.S.Dist.LEXIS 6199 (dismissing § 1983 action for failure to treat hernia adequately where inmate scheduled for appointment to possibly schedule surgery on April 2, 1987, and inmate was released from prison on that day; four months later, when plaintiff was again incarcerated, the surgery was performed).
 
 
 11
 Plaintiff presented no affidavits or other evidence to support his claim. Plaintiff presented only a medical report where Dr. Manabat states it is "probably best to have this repaired." Plaintiff has failed to present any rebutting evidence to raise a genuine issue of material fact by, e.g., countering Dr. Mueller's affidavit. Thus, that uncontradicted affidavit shall be taken as true. Fed.R.Civ.P. 56(c).
 
 
 12
 Moreover, plaintiff's desire for prompt access to elective medical treatment is not cognizable under § 1983. A difference of medical opinion as to the immediacy of the need for surgical intervention does not meet the deliberate indifference standards. Estelle, 429 U.S. at 107. The medical notes in the record indicate that the hernia condition could be routinely managed. There is no evidence that he experienced severe pain. The medical notes also indicate that in the months prior to his release from prison, plaintiff saw the prison medical personnel several times for medical assistance, without complaining about the hernia at all.
 
 
 13
 We also note that plaintiff does not complain that he suffered additional months of pain due to Dr. Mueller's deliberate indifference. Instead, plaintiff offers only the incongruous argument that he was forced to a life a crime after Dr. Mueller failed to perform the surgery either before plaintiff's release, or while he was out on parole.
 
 
 14
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [2]
 Dr. Mueller died during the pendency of this action
 
 
 [3]
 The medical records also include a nurse's notation on November 22, 1988 to "schedule surgery for epigastric hernia repair." A nurse's notation on November 30, 1988 states: "Inmate told Dr. Panbaj he will be released in 2 mo[nths]--will get treatment on the streets." A nurse's note in January 1989 indicated "awaiting surgery." A January 1989 physician's notes states: "will discuss with Dr. Manabat regarding need for surgery." A February 2, 1989 nurse's note indicates plaintiff requested "something for my hernia that is pushing out."
 
 
 [4]
 The district court also dismissed the claims against defendants McGinnis and Shanskey. On appeal, plaintiff does not challenge the dismissal. Thus, he has waived such a challenge on review. Sere v. Board of Trustee of University of Illinois, 852 F.2d 285, 287-88 (7th Cir.1988)