BETA ANALYTICS INTERNATIONAL,
INC., Plaintiff–Appellant,

v.

UNITED STATES, Defendant–Appellee,

and

Heritage Services, Inc., Defendant–
Appellee.

No. 00–5040.

United States Court of Appeals,
Federal Circuit.

July 9, 2001.

Before NEWMAN, Circuit Judge, ARCHER, Senior Circuit Judge and LINN, Circuit Judge.

Beta Analytics International, Inc. ("Beta") appeals the Court of Federal Claims' July 7, 1999 Order, denying Beta's motion for a Temporary Restraining Order ("TRO") and/or a Preliminary Injunction. *Beta Analytics Int'l, Inc. v. United States,* Docket No. 99-222C (July 7, 1999). Because we do not have jurisdiction over Beta's appeal, we *dismiss*.

## BACKGROUND

On October 8, 1998, the United States Department of State issued solicitation number s-FBOAD-98-R-0042. On March 31, 1999, the contract was awarded to Her- itage Services, Inc. ("Heritage"). On April 13, 1999, Beta, an unsuccessful bidder, filed a verified complaint for declaratory judgment and preliminary and permanent injunctive relief in the Court of Federal Claims, alleging that Heritage was unlaw- fully awarded the contract because Heri- tage was a non-compliant bidder. On April 15, 1999, The Court of Federal Claims denied Beta's motion for injunctive relief, but granted expedited discovery.

On May 24, 1999, the Court of Federal Claims issued an Opinion and Order find- ing that the Department of State had un- lawfully awarded the contract to Heritage, and ordering the Department of State to either (1) determine whether Beta had a chance to have received the contract but for the Department of State's error, or (2) to cancel the solicitation and reissue it.

On June 25, 1999, the Department of State advised the Court of Federal Claims that it was going to amend the solicitation and allow new proposals. In response to the Department of State's intent to amend the solicitation and allow new proposals, Beta filed a notice of unsatisfactory admin- istrative action pursuant to RCFC 60.1(b)(4). The next day, Beta filed its motion for a TRO and/or Preliminary In- junction. Following a hearing on July 6, 1999, the Court of Federal Claims denied Beta's motion for a TRO and/or a Prelimi- nary Injunction, stating only that:

Plaintiff Beta International's Notice of Filing of an Application for Temporary Restraining Order and/or Preliminary Injunction and Request for Hearing was filed by leave on July 6, 1999. After hearing argument from the parties on July 6, 1999, the court denied the appli- cation for both temporary and prelimi- nary injunctive relief; a statement of reasons was given from the bench and is incorporated herein. Pursuant to

RCFC 60.1(b)(4), the court considered plaintiff's motion insofar as it addressed the Department of State's failure to render a decision in accordance with ¶¶ 1–2 of the order entered on May 24, 1999. Defendant had no excuse for the agency's failure to comply with the court's order, but the court finds that State's alternative approach was not undertaken in bad faith and, without a more authoritative showing by plaintiff, does not undermine the procurement process.

*Beta Analytics Int'l, Inc. v. United States,* Docket No. 99–222C (July 7, 1999). The reasons given from the bench for denying the preliminary injunction are twofold: (1) the court did not "see a strong likelihood of success on the merits because this is a situation that is unusual ... [a]nd there's no case that compels the result that Plaintiff is asking for;" and (2) the court did "not think there is irreparable harm because [it believed] that Plaintiff while having satisfied the lost profits rung cannot satisfy that it is being prejudiced in any substantive way...."

In an Order dated November 1, 1999, as a result of the Department of State's announcement of its intent to award the contract to Heritage, the Court of Federal Claims stated: "By November 12, 1999, [Beta] shall file a Status Report advising if further proceedings are required, their nature, and a proposed schedule therefore. Absent such a request, judgment shall enter." *Beta Analytics Int'l, Inc. v. United States,* Docket No. 99–222C (November 1, 1999).

On November 22, 1999, following Beta's failure to timely file a Status Report, the court entered judgment for the United States and Heritage. The Order states: ... plaintiff has not filed the status report due on November 12, 1999. Accordingly, it is ordered, as follows: The Clerk of the Court shall enter judgment for the defendant and intervenor. The only relief to which plaintiff was entitled was the grant of its cross-motion for summary judgment insofar as Heritage Services, Inc.'s technical proposal violated a mandatory provision of the solicitation. Defendant and intervenor have demonstrated that the Department of State's response to the opinion filed on May 24, 1999, was reasonable, and plaintiff has forfeited the opportunity to challenge it.

*Beta Analytics Int'l, Inc. v. United States,* Docket No. 99–222C (November 22, 1999). Beta appeals the July 7, 1999, denial of its motion for a TRO and/or a Preliminary Injunction.

## DISCUSSION

Our initial inquiry in any case is whether we have jurisdiction to hear the appeal. *Woodard v. Sage Prods., Inc.,* 818 F.2d 841, 844 (Fed.Cir.1987). Beta alleges that we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3) (1994), which gives us jurisdiction to hear appeals from final decisions of the Court of Federal Claims.

■ As a general proposition, when a trial court enters final judgment in a case, all interlocutory rulings merge with the final judgment, making the final judgment and the interlocutory orders reviewable on appeal. *Hendler v. United States,* 952 F.2d 1364, 1368 (Fed.Cir.1991). Many courts have carved out an exception to this general proposition: "if the final order is a dismissal resulting from bad faith or dilatory conduct, then the interlocutory orders do not 'merge' and do not become reviewable. *Id.* (citing *DuBose v. Minnesota,* 893 F.2d 169 (8th Cir.1990); *Sere v. Univ. of Illinois,* 852 F.2d 285, 288 (7th Cir.1988); *Ash v. Cvetkov,* 739 F.2d 493, 497 (9th Cir.1984); *Marshall v. Sielaff,* 492 F.2d 917, 919 (3d Cir.1974)); *see also John's Insulation, Inc. v. L. Addison & Assocs.,*

*Inc.,* 156 F.3d 101, 105 (1st Cir.1998); *Shannon v. General Elec. Co.,* 186 F.3d 186, 192 (2d Cir.1999). In *Hendler,* we reasoned that "[t]o hold otherwise would open up a back door route to review of interlocutory orders and would reward bad conduct." *Id.*

■ In this case, Beta was given an opportunity at the Court of Federal Claims to challenge the government's decision to re-award the contract-at-issue to Heritage. Beta failed to challenge (via a Status Report) the government's decision within the time period allowed by the court. Having been dismissed for failure to timely file its Status Report, Beta now seeks to "open up the back door route to review" of the merits of its case by appealing the Court of Federal Claims' July 7, 1999 Order denying Beta's motion for a preliminary injunction.

The Court of Federal Claims specifically informed Beta that failure to submit a Status Report by November 12, 1999 would result in an entry of judgment for the Department of State and Heritage. Without requesting an extension of time, Beta did not file its status report until November 19, 1999, one week after the court's deadline. If Beta had timely filed a Status Report challenging the award to Heritage, it might have been successful. If Beta had proceeded and lost, we would have a complete record to review and would be better able to make a determination of whether the Beta had a chance of success on the merits of its challenge. To allow Beta an avenue for review of the court's denial of a preliminary injunction would force this court to determine whether the Court of Federal Claims was correct in determining that Beta had not proved a likelihood of success on the merits. Such a determination would require us to consider the merits of this case. Given Beta's negligence in failing to file its status report, we decline to reward Beta's negligent behavior by allowing Beta to receive review on the merits through appeal of the Order denying Beta's motion for a preliminary injunction.

In its reply brief, Beta argues that the cases refusing to merge an interlocutory order into a final judgment involve only cases dismissed for failure to prosecute. Regardless, the reason for not allowing an interlocutory order to merge into a final judgment based on a plaintiff's dilatory conduct is the same. We should not reward a plaintiff's negligence by reviewing the merits of its case via review of an interlocutory order. *Sere v. Univ. of Illinois,* 852 F.2d at 288.

As the Third Circuit warned in *Marshall v. Sielaff,* to review an interlocutory order following dismissal for bad faith or negligence "is to invite the inundation of appellate dockets with requests for review of interlocutory orders and to undermine the ability of trial judges to achieve the orderly and expeditious disposition of cases." 492 F.2d at 919.

In reply to Heritage's argument that we lack jurisdiction to review the interlocutory order of July 7, 1999, Beta argued that implicit in its requested relief of reversing the July 7, 1999 interlocutory order would be a finding of prejudice and therefore a reversal of the Court of Federal Claims' final judgment approving the award of the contract to Heritage. In its statement of the case, Beta states: "The claims court issued its written Order on July 7, 1999. It is this Order which [Beta] appeals." Further, in its conclusion, Beta states: "The Order of the trial court filed July 7, 1999 should be reversed and the case remanded for further proceedings...." We find it clear from the language of Beta's appeal brief that Beta is seeking reversal of the July 7, 1999 interlocutory order, not the final judgment.

The mere fact that a reversal of the final judgment would be implicit in reversal of the interlocutory order cannot itself create jurisdiction for this court.

## CONCLUSION

Because we do not have jurisdiction to review the Court of Federal Claims' order dated July 7, 1999, we dismiss.