FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

PHILIP BOBBITT, individually and on behalf of all others similarly situated; JOHN J. SAMPSON; JOHN HALL; BRENDA HALL,
                    *Plaintiffs*,

and

LANCE LABER,
        *Intervenor-Plaintiff–Appellant*,

v.

MILBERG LLP; MELVYN I. WEISS; MICHAEL C. SPENCER; JANINE LEE POLLACK; LEE A. WEISS; BRIAN C. KER; UITZ & ASSOCIATES; RONALD A. UITZ; LUSTIGMAN FIRM; SHELDON S. LUSTIGMAN; ANDRE B. LUSTIGMAN; GABROY ROLLMAN & BOSSE PC; JOHN GABROY; RONALD M. LEHMAN,
            *Defendants-Appellees*.

No. 13-15812

D.C. No.
4:09-cv-00629-FRZ

OPINION

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, Senior District Judge, Presiding

Argued and Submitted
June 25, 2015—San Francisco, California

Filed September 10, 2015

Before:  Sidney R. Thomas, Chief Judge, John B. Owens,
Circuit Judge, and Anthony J. Battaglia,[*] District Judge.

Opinion by Judge Owens

## SUMMARY[**]

### Class Certification / Choice of Law

The panel vacated the district court's order denying the motion for class certification brought by named plaintiffs Philip Bobbitt and John Sampson in their malpractice lawsuit against Milberg LLP and various other law firms and lawyers.

The panel held that the district court properly applied the choice-of-law rules of the forum state Arizona.  The panel noted that Arizona courts apply the *Restatement (Second) of Conflict of Laws* (1971) to determine the controlling law for multistate torts.

---

[*] The Honorable Anthony J. Battaglia, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

The panel held that the district court erred in holding that the law of each class member's home state governed his or her individual claim, rather than the law of Arizona where the alleged malpractice occurred. The panel held that the district court abused its discretion by basing its class certification decision on an erroneous view of the proper choice of law, and remanded for further proceedings.

**COUNSEL**

Lawrence A. Kasten (argued), Robert H. McKirgan, and William G. Voit, Lewis Roca Rothberber LLP, Phoenix, Arizona; Guy M. Hohmann and Ryan T. Shelton, Hohmann, Taube & Summers LLP, Austin, Texas; R. James George, Jr. and Gary L. Lewis, George, Brothers, Kincaid & Horton, LLP, Austin, Texas, for Intervenor-Plaintiff-Appellant.

Douglas J. Pepe (argued), Gregory P. Joseph, Honey L. Kober, and Jeffrey H. Zaiger, Joseph Hage Aaronson LLC, New York, New York; Peter Akmajian, Ed Moomjian II, and Michele G. Thompson, Udall Law Firm LLP, Tucson, Arizona, for Defendants-Appellees.

**OPINION**

OWENS, Circuit Judge:

Intervenor-plaintiff-appellant Lance Laber appeals from the district court's denial of the motion for class certification brought by named plaintiffs Philip Bobbitt and John Sampson in their malpractice lawsuit against defendant-appellee Milberg LLP and various other law firms and lawyers

(collectively "Milberg"). Because the district court erred in holding that the law of each class member's home state governed his or her individual claim, rather than the law of Arizona where the alleged malpractice occurred, we vacate the district court's order and remand this case for further proceedings.

## I.  FACTS

### A.  The *VALIC* litigation

In 2001, Milberg, a national law firm specializing in class actions, filed a lawsuit in Arizona district court against Variable Annuity Life Insurance Company, Inc. ("VALIC"), for alleged securities law violations. In January 2004, the district court certified a class of plaintiffs, a significant accomplishment in any class action litigation.[1]

But things went downhill for Milberg and the class. Milberg failed to meet certain mandatory disclosure deadlines, and in August 2004, the district court struck the plaintiffs' expert testimony and witness list as a sanction. Milberg could not prove class-wide damages without witnesses, so the court vacated class certification. And, because Milberg could not, without witnesses, establish causation and damages for the named plaintiffs, the court entered judgment for VALIC, ending the case. Milberg did not alert any of the absent class members to the certification

---

[1] Although not relevant to this appeal, Milberg argues that the class was never "certified in accordance with the strictures of Rule 23" because the district court entered no findings of fact related to class certification. We express no opinion on the validity of the certification in the *VALIC* litigation.

or decertification of the class or the dismissal of the action, nor did it otherwise attempt to preserve the class's claims.**[2]**

## B.  The *Milberg* Litigation

Plaintiffs in this appeal sued Milberg for malpractice for failing to meet the discovery requirements in the *VALIC* class action.  Plaintiffs named as defendants four law firms as well as various lawyers who worked for them.  The firms are located in New York, Washington, D.C., and Arizona.  The lawyer defendants are residents of Florida, New York, Washington, D.C., Virginia, New Jersey, and Arizona.  The two lead plaintiffs are Texas residents.

After some litigation, the plaintiffs moved for class certification.  Defendants opposed on various grounds, arguing the plaintiffs could not meet the requirements of Rule 23(a) and (b)(3).  The district court denied the motion for class certification, ruling that plaintiffs had failed to meet the predominance requirement of Rule 23(b)(3).  The court held that individual questions predominated over common questions, because the law applicable to each unnamed class member's claim was the law of that member's domicile state.  Because the laws of up to fifty states were implicated and plaintiffs had failed to meet their burden to show that conflicts between the fifty states' laws did not defeat the predominance requirement, the court denied class certification.

---

**[2]** On appeal, this court affirmed, holding that Milberg's "failure to meet the deadlines was neither substantially justified nor harmless."  *Drnek v. VALIC*, 261 F. App'x 50, 51 (9th Cir. 2007).

Named appellants Bobbitt and Sampson moved for voluntary dismissal of their individual claims. The court granted the motion on March 29, 2013, creating a final judgment. Laber, an unnamed member of the putative class, successfully moved to intervene for the limited purpose of bringing this appeal.

## II.  ANALYSIS

### A.  Jurisdiction

We have jurisdiction over this appeal pursuant to *Baker v. Microsoft Corp.*, — F.3d —, 2015 WL 4393964, at *4 & n.4 (9th Cir. July 20, 2015), and *Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1065–66 (9th Cir. 2014).

### B.  Standard of Review

We review the denial of class certification for an abuse of discretion. *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1018 (9th Cir. 2011). A district court abuses its discretion when it makes an error of law, or when it reaches a result that is illogical, implausible, or without support in inferences that may be drawn from the record. *United States v. Hinkson*, 585 F.3d 1247, 1261, 1263 (9th Cir. 2009) (en banc). Choice of law questions are reviewed de novo. *Coneff v. AT&T Corp.*, 673 F.3d 1155, 1157 (9th Cir. 2012).

### C.  Class Certification

Under Federal Rule of Civil Procedure 23, a class may be certified if it meets all four class action prerequisites set forth in Rule 23(a) and satisfies the requirements of at least one of the three types of class actions of Rule 23(b)(1) to (3).

Plaintiffs here sought certification as a Rule 23(b)(3) class, and the district court denied class certification because, in its view, the law applicable to each individual class member's claim is the law of that member's domicile state.  The court thus held that common questions of law did not predominate as required under Rule 23(b)(3).

### D.  Choice of Law

The district court properly applied the choice-of-law rules of the forum state, Arizona.  *Nelson v. Int'l Paint Co.*, 716 F.2d 640, 643 (9th Cir. 1983).  Arizona courts apply the *Restatement (Second) of Conflict of Laws* (1971) (hereinafter "Restatement") to determine the controlling law for multistate torts.  *Bates v. Superior Court*, 749 P.2d 1367, 1369–70 (Ariz. 1988).  The Restatement instructs courts to look to the state that has "the most significant relationship to the occurrence and the parties" of any tort claim.  Restatement § 145(1).  The "especially relevant contacts" to be considered include:

> 1. The place where the injury occurred;
>
> 2. The place where the conduct causing the injury occurred;
>
> 3. The domicile, residence, nationality, place of incorporation and place of business of the parties;
>
> 4. The place where the relationship, if any, between the parties is centered.

*Bates*, 749 P.2d at 1370 (quoting Restatement § 145(2)). "The inquiry is qualitative, not quantitative. The court must evaluate the contacts 'according to their relative importance with respect to the particular issue.'" *Id.* (citation omitted) (quoting Restatement § 145(2)).

The first § 145 factor, the place of injury, supports application of Arizona law. The unnamed class members were injured when Milberg failed to meet deadlines and make timely filings in the Arizona court. The result of that alleged negligence was vacatur of the class certification order, which also occurred in the Arizona court. The unnamed class members lost the potential benefits of class certification in the Arizona litigation. This injury occurred in Arizona.

Indeed, most courts applying § 145 in analogous situations agree that negligent behavior in litigation injures the client in the forum state of the court, whether or not the client is physically present in the state. *See Patton v. Cox*, 276 F.3d 493, 497 (9th Cir. 2002) (considering the location of a quasi-judicial proceeding as the "most persuasive" factor in choice-of-law analysis); *ACE Am. Ins. Co. v. Sandberg, Phoenix & Von Gontard, PC*, 900 F. Supp. 2d 887, 896 (S.D. Ill. 2012) (place of litigation controlled because "[t]he gist of this action is that [defendant] bungled the defense of the . . . case"); *Foulke v. Dugan*, 187 F. Supp. 2d 253, 257 (E.D. Pa. 2002) (injury resulting from legal malpractice was having case dismissed, and that injury occurred where litigation was pending); *In re Kaiser Grp. Int'l, Inc.*, Adversary No. 09-52317-MFW, 2010 WL 3271198, at *5 (Bankr. D. Del. Aug. 17, 2010) ("Because the bankruptcy case, and the actions giving rise to the alleged attorney malpractice, occurred in Delaware, the Court concludes that Delaware is the place of injury."); *see also David B. Lilly Co., Inc. v. Fisher*, 18 F.3d

1112, 1119–20 (3d Cir. 1994) (injury occurred where, "[a]s a practical matter, . . . [legal] services were rendered").

The district court appeared to assume that any economic injury necessarily occurs in the victim's domicile state. While this general principle may apply in many cases, certain economic interests may be held—and may be injured—out of state. Our inquiry focuses not on the place where the victim feels the consequences of the injury, but on the location of injury itself. *Cf. Fields v. Legacy Health Sys.*, 413 F.3d 943, 952–53 (9th Cir. 2005) (in wrongful death case, the injury occurred where the decedent was harmed, not where she died). The interest here is not the right to recover on the underlying claim, since the unnamed class members' underlying claims remained intact after the decertification of the class. Rather, the interest at issue is the potential recovery in Arizona litigation. That interest was held in Arizona, and thus the place of injury is Arizona.

Milberg cites *Johnson v. Nextel Commc'ns Inc.*, 780 F.3d 128 (2d Cir. 2015), in which the Second Circuit applied § 145 to the claims of unnamed class members in a class action alleging attorney malpractice. *Johnson* is distinguishable because the defendants in that case actually developed an attorney-client relationship with the unnamed class members in their respective home states. *Id.* at 132. The plaintiffs alleged that the legal services they received in their home states were marred by a conflict of interest. *Id.* at 133. In contrast to the present case, the allegedly defective legal services resulted in the final resolution of the plaintiffs' underlying claims. *Id.* Under those circumstances, the plaintiffs were injured in their home states, not the state where their claims happened to be resolved. *Johnson* does

not aid Milberg here, where all critical actions leading to injury and the injury itself occurred in Arizona.

Similarly, the second § 145 factor—where the conduct causing the injury occurred—favors application of Arizona law. Although the district court correctly concluded that the various defendant law firms and attorneys performed legal services across several states, the critical conduct causing the injury was the failure to meet court deadlines in Arizona. Arizona has a strong interest in regulating attorney conduct in courts within its borders. *See Patton*, 276 F.3d at 497; *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1536 (10th Cir. 1996); Restatement § 145(2) cmt. e ("[W]hen the primary purpose of the tort rule involved is to deter or punish misconduct, the place where the conduct occurred has peculiar significance.").

The fourth § 145 factor—the center of the relationship of the parties—also supports application of Arizona law. The relationship between the unnamed *Drnek* class members and their lawyers existed only in Arizona. The district court discounted this factor, reasoning that Milberg had only a minimal relationship with the unnamed class members. The choice-of-law test, however, looks for the state with the most significant relationship to the claim; the test thus focuses not on the magnitude of the relationship between the parties, but on the state where the relevant relationship existed and that state's interest in the claim. *See Bryant v. Silverman*, 703 P.2d 1190, 1195 (Ariz. 1985). Whether or not Milberg established a full attorney-client relationship with the unnamed class members, there was *some* relationship. Indeed, had the class remained certified and proceeded to a valid final judgment, the unnamed class members would

likely have been bound by the final judgment. That relationship was centered in Arizona.

The three factors discussed above weigh strongly in favor of application of Arizona law, and when the place of injury and the conduct causing the injury coincide, "that state will usually be the state of the applicable law[,] . . . particularly . . . with respect to issues involving standards of conduct." Restatement § 145(2) cmt. e. The district court rested its contrary conclusion largely on the third § 145 factor: the domicile of the parties. The court reasoned that the domiciles of the millions of plaintiffs scattered throughout the fifty states weighed strongly in favor of application of the laws of all fifty states. The Rule 23(b)(3) predominance question, however, asks whether common questions of law related to *each* class member's *individual* claim predominate. To answer that question, we must determine the applicable law individually, rather than collectively. Each class member's claim has one plaintiff, not millions of plaintiffs.

Defendants are domiciled in Florida, New York, Washington, D.C., Virginia, New Jersey, and Arizona. The unnamed class members reside in all fifty states. Because there is no single state where a number of parties are "grouped," this factor is entitled to little weight. *See* Restatement § 145(2) cmt. e.[3]

---

[3] Although some Arizona cases placed extreme weight on the domicile of the plaintiff, reasoning that the state of domicile is the only state with an interest in ensuring the plaintiff's recovery, *Baroldy v. Ortho Pharm. Corp.*, 760 P.2d 574, 579 (Ariz. Ct. App. 1988); *Ambrose ex rel. Ambrose v. Ill.-Cal. Express*, 729 P.2d 331, 334 (Ariz. Ct. App. 1986) (citing *Bryant*, 703 P.2d 1190), recent Arizona Supreme Court authority confirms that under the § 145 test, the domicile of the plaintiff is entitled to little weight when it bears little relation to the injury. *Pounders v. Enserch*

Each of the § 145 factors either supports application of Arizona law or is neutral. Arizona has the most significant relationship to these plaintiffs' claims of attorney malpractice occurring in an Arizona court, and thus Arizona law applies to each individual class member's claim. The district court abused its discretion by basing its class certification decision on an erroneous view of the proper choice of law. *See Hinkson*, 585 F.3d at 1261.[4]

The order denying class certification is **VACATED**, and the matter is **REMANDED** for further proceedings. The parties shall bear their own respective costs on appeal.[5]

---

*E&C, Inc.*, 306 P.3d 9, 14 (Ariz. 2013); *see also Garcia v. Gen. Motors Corp.*, 990 P.2d 1069, 1076 (Ariz. Ct. App. 1999) (clarifying that the victim's domicile is important in personal injury cases).

[4] Because we conclude that Arizona law applies to each individual class member's claim, we need not resolve Laber's alternative contention that Milberg is judicially estopped from denying that Arizona law applies.

[5] We express no opinion on whether the other requirements of the Rule 23 test are satisfied.