NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 23 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PHILIP BOBBITT, individually and on behalf of all others similarly situated,

Plaintiff-Appellant,

LANCE LABER,

Intervenor-Plaintiff-Appellant,

and

JOHN J. SAMPSON; et al.,

Plaintiffs,

v.

MILBERG LLP; et al.,

Defendants-Appellees.

No.    18-17250

D.C. No. 4:09-cv-00629-FRZ

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, District Judge, Presiding

Argued and Submitted March 4, 2020
Phoenix, Arizona

Before: CLIFTON, OWENS, and BENNETT, Circuit Judges.

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Philip Bobbitt appeals the district court's order denying his Federal Rule of Civil Procedure ("Rule") 60(b)(6) motion based on a change in the law governing the appealability of class certification denials. We have jurisdiction under 28 U.S.C. § 1291 to review the Rule 60(b) denial. *See United States v. Sierra Pac. Indus., Inc.*, 862 F.3d 1157, 1166 (9th Cir. 2017). We reverse the district court's denial and remand with directions to grant the Rule 60(b)(6) motion and for further proceedings.

We review "the denial of a motion for relief from judgment under Rule 60(b) for an abuse of discretion." *Henson v. Fidelity Nat'l Fin., Inc.*, 943 F.3d 434, 443 (9th Cir. 2019). While this case was pending on appeal, we decided *Henson*. In *Henson*, we reiterated that in deciding whether to grant a Rule 60(b) motion based on a change in the law, a court must "intensively balance numerous factors." *Id.* at 444 (quoting *Phelps v. Alameida*, 569 F.3d 1120, 1133 (9th Cir. 2009)). We also clarified the factors a court should consider in deciding whether to grant Rule 60(b) relief under analogous circumstances. *Id.* at 446–55. Here, the district court abused its discretion because it failed to conduct the required intensive balancing based on the facts. We note, however, that the district court did not have the benefit of *Henson* when it denied the motion. Because the facts relevant to the merits of the Rule 60(b) motion are in the record, we exercise our discretion and decide the merits of the motion. *See Phelps*, 569 F.3d at 1134–35.

The *Henson* factors weigh in favor of granting Rule 60(b) relief. There was a change in the law because before *Microsoft Corp. v. Baker*, 137 S. Ct. 1702 (2017), Ninth Circuit case law established that the court could review interlocutory orders after a plaintiff voluntarily dismissed his claims with prejudice. *See Omstead v. Dell, Inc.*, 594 F.3d 1081, 1085 (9th Cir. 2010); *see also Henson*, 943 F.3d at 447 (citing *Omstead* to support its statement that "Plaintiffs reasonably relied on well-established Ninth Circuit law"). Though Bobbitt knew that there was a circuit split on the issue, he reasonably relied on Ninth Circuit precedent, and there is no indication that he should have known that the law would change. We find that the circumstances relevant to the change-in-the-law factor are much like those in *Henson*, and therefore like in *Henson*, we find that this factor is neutral or slightly favors granting Rule 60(b) relief.

We next consider Bobbitt's diligence in seeking to avoid or mitigate the risk of an unfavorable change in the law. Other than petitioning this court to review the class certification denial under Rule 23(f) before voluntarily dismissing his claims, Bobbitt did nothing else to mitigate the risk that the case would be over if Lance Laber's appeal were dismissed for lack of jurisdiction. Thus, this factor weighs against granting relief.

As for Milberg LLP's ("Milberg") reliance interest in the finality of the case, the record does not show, nor does Milberg show, that it changed its legal position

3

in reliance on the district court's 2013 judgment. Indeed, after the district court's 2013 judgment, we held in the now-vacated opinion *Bobbitt v. Milberg LLP*, 801 F.3d 1066 (9th Cir. 2015) ("*Milberg I*"), that the district court had erroneously denied class certification, and we remanded "for further proceedings." 801 F.3d at 1072. And because Milberg sought certiorari challenging *Milberg I*, the case remained pending until we issued the mandate dismissing Laber's appeal. On the same day we issued the mandate, Bobbitt asked the district court to reinstate his claims. Thus, Milberg could not have reasonably believed that the case was over after the 2013 judgment. In *Henson*, we found that this factor weighed heavily in favor of granting relief because the defendant showed no reliance interest in the finality of the judgment. 943 F.3d at 451. The same is true here, and we therefore find that this factor heavily favors granting relief.

The delay factor "examines the delay between the finality of the judgment and the motion for Rule 60(b)(6) relief." *Id.* at 451–52 (internal quotation marks omitted) (quoting *Phelps*, 569 F.3d at 1138). In *Henson*, we clarified that the delay is measured from the date when the appeal from the dismissal became final. *Id.* at 452. Laber's appeal was finally decided when this court issued the mandate on October 11, 2018. That same day, Bobbitt sought relief by moving to reinstate his individual claims in the district court. The district court denied the motion four days later, and Bobbitt moved for Rule 60(b) relief 24 days after that denial.

4

Because the delay was relatively short, we find that this factor favors granting Rule 60(b) relief.

We next examine "the closeness of the relationship between the decision resulting in the original judgment and the subsequent decision that represents a change in the law." *Id.* (quoting *Jones v. Ryan*, 733 F.3d 825, 840 (9th Cir. 2013)). In *Henson*, we found that this factor favored relief because there was a close connection as "the voluntary dismissal was explicitly predicated on the law that *Microsoft* changed." *Id.* Although Bobbitt stated in his motion for voluntary dismissal that he wanted to dismiss his claims because it was "not economically feasible" for him to litigate his individual claims, he also explained that "[i]f the Court grants a dismissal, a member of the putative class is prepared to seek intervention for the limited purpose of appealing the class-certification denial." The connection here may not be as close as the connection in *Henson* because Bobbitt's decision to voluntarily dismiss his claims was not solely predicated on the law that *Microsoft* changed. However, Bobbitt's decision was predicated, in part, on the law that *Microsoft* changed, and we thus find that this factor slightly favors Rule 60(b) relief.

Of the two additional factors identified in *Henson*, we find that one applies here—"the importance of heeding the intent of the rulings of federal appellate

courts."[1] *Id.* at 453. In analyzing this factor, the *Henson* court noted that treating the voluntary dismissal as a final, irrevocable judgment would put plaintiffs in a "catch twenty-two because, under *Microsoft*, the dismissal was not a final judgment from which [plaintiffs] could appeal the denial of class certification, but in the district court, the voluntary dismissal was treated as having finally ended the case." *Id.* at 454. The court reasoned that granting Rule 60(b) relief would avoid creating this "contradiction," and thus this was another consideration that weighed in favor of granting relief. *Id.* The same is true here, and thus we find this reasoning weighs in favor of granting relief.

Finally, we believe it is also appropriate to consider the fact that Bobbitt voluntarily dismissed his claims regardless of the outcome of Laber's appeal. This fact weighs against granting relief because Bobbitt had no expectation that he would be able to revive his individual claims. Though this consideration and the diligence factor weigh against granting relief, all other factors weigh in favor of granting relief (except for the change-in-the-law factor which is neutral or slightly weighs in favor of granting relief). Thus, on balance, we hold that the relevant

---

[1] The second additional factor in *Henson* dealt with the parties' stipulation. 943 F.3d at 454. We do not consider this factor because Bobbitt and Milberg did not have a stipulation.

considerations favor granting Bobbitt's Rule 60(b) motion.[2]  The district court is directed to grant Bobbitt Rule 60(b) relief.

The parties shall bear their own costs on appeal.

**REVERSED and REMANDED.**

---

[2] Bobbitt's request to proceed on his individual claims because his voluntary dismissal was ineffective under *Microsoft*, 137 S. Ct. 1702, is moot given our decision to direct the district court to grant his Rule 60(b) motion seeking relief from his voluntary dismissal.  The district court's 2013 and 2018 judgments on Bobbitt's individual claims cannot stand after Bobbitt is granted relief because those judgments were based on Bobbitt's voluntary dismissal.  For that reason, we do not address Bobbitt's argument that we have jurisdiction to review the class certification denial based on the district court's 2018 judgment.  On remand, Bobbitt may seek reconsideration of the class certification denial, and the district court is not precluded from revisiting the issue by the law of the case or any other similar doctrine.  Laber can also decide whether he wants to pursue his pending motion to intervene, and if he chooses to, the district court is similarly not barred from considering any such motion or the merits.  We express no view on the merits of these issues.